Brandy T. Cody, State Bar No. 196923
Email: bcody@fisherphillips.com
**FISHER & PHILLIPS, LLP**
4747 Executive Drive, Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
William R.H. Mosher, State Bar No. 228253
Email: wmosher@fisherphillips.com
Drew M. Tate, State Bar No. 312219
Email: dtate@fisherphillips.com
**FISHER & PHILLIPS, LLP**
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone: (916) 210-0400
Facsimile:  (916) 210-0401

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CHAPMAN and JOHN CHURCHWELL, individually, on behalf of all others similarly situated, and as representatives of the State of California on behalf of all aggrieved employees,<br><br>            Plaintiffs,<br><br>      vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation d/b/a FedEx Home Delivery, and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No. _____<br><br>[*Previously Shasta Superior Court Case Number 191805; Assigned to the Hon. Stephen H. Baker, Department 3*]<br><br>**DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br><br>State Action Filed: February 1, 2019 |

**TO PLAINTIFF AND THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("Defendant") hereby removes the above-referenced action of Plaintiffs TRAVIS CHAPMAN and JOHN CHURCHWELL (collectively "Plaintiffs") from the Superior Court of the State of California, County of Shasta, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. In support of removal, Defendant states as follows:

**I.   PROCEDURAL HISTORY**

1. *Complaint filing*. On or about February 1, 2019, Plaintiffs TRAVIS CHAPMAN and JOHN CHURCHWELL, individually, on behalf of all others similarly situated, and as representatives of the State of California on behalf of all aggrieved employees, filed a Complaint against Defendant in the Superior Court of the State of California, in and for the County of Shasta, case number 191805 (the "Complaint"). The Complaint alleges causes of action for: (1) "Failure To Pay Overtime In Violation Of California Labor Code §§ 204(a), 510(a), and 1194(a)"; (2) "Failure To Furnish Accurate Itemized Wage Statements In Violation Of California Labor Code § 226(a)"; (3) "Failure To Timely Pay All Wages Due Upon Termination Of Employment In Violation Of California Labor Code §§ 201-203"; (4) "Violation Of California Business & Professions Code § 17200 et seq."; (5) "PAGA Penalties Under California Labor Code §§ 2690 et seq. For Failure To Pay Overtime Wages"; (6) "PAGA Penalties Under California Labor Code §§ 2698 et seq. For Failure To Furnish Accurate Wage Statements"; and (7) "PAGA Penalties Under California Labor Code § 2698 et seq. For Failure To Timely Pay All Wages Due Upon Termination of Employment." See Declaration of Alden J. Parker ("Parker Decl."), ¶ 3.

2. *Service of the Original Complaint*. On February 5, 2019, Plaintiffs served their Complaint upon Defendant. Parker Decl., ¶ 3.

3. On March 6, 2019, Defendant filed an Answer to the Complaint in Shasta County Superior Court. Parker Decl., ¶ 4.

4. Pursuant to 28 U.S.C. Section 1446(a), true and correct copies of the Summons, Complaint, and other related documents that were served upon Defendant, and Defendant's

Answer to the Complaint, are attached hereto as **Exhibit "A."** Parker Decl., ¶ 3. Based on information and belief, there are no other pleadings filed in this matter. Parker Dec., ¶ 5.

## II.   TIMELINESS OF REMOVAL

5.     Under 28 U.S.C. Section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

6.     Defendant first received the Summons, Complaint, and other related documents when it was served with them on February 5, 2019. **Exhibit "A"** to the Notice of Removal; Parker Decl., ¶ 3. Defendant filed this Notice of Removal on March 6, 2019.

## III.   VENUE

7.     This action originally was brought in the Superior Court of the State of California, County of Shasta. Venue therefore lies in the Eastern District of this Court under 28 U.S.C. Sections 1441, 1446(a), and 84(b), and Eastern District Local Rule 120(d).

## IV.   BASIS FOR REMOVAL JURISDICTION

8.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because Plaintiffs and Defendant are citizens of different states, none of the Defendants are citizens of California, and the amount in controversy for Plaintiffs, individually, exceed $75,000 exclusive of interest and costs. Accordingly, this case may be removed to this Court under 28 U.S.C. Sections 1441 and 1446.

### A.   Plaintiffs' Citizenships

9.     Plaintiff TRAVIS CHAPMAN acknowledges that he is a resident of California, and at all times relevant to this action resided in and worked in California. Complaint, ¶ 5.

10.     Plaintiff JOHN CHURCHWELL acknowledges that he is a resident of California, and at all times relevant to this action resided in and worked in California. Complaint, ¶ 6.

11.     To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence generally dictates domicile: natural persons are domiciled in the places they reside

with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014); *Bank One, Texas, N.A. v. Montle*, 964 F.3d 281, 288 (3d Cir. 2006). It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

12. Given that Plaintiffs are residents of California, and have been residents of California at all times relevant to this action, (See Complaint, ¶¶ 5-6), Plaintiffs are domiciled in, and are therefore citizens of the State of California.

**B.    Defendant's Citizenship**

13. Defendant in this action is a corporation.

14. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As the Supreme Court explained, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 88–92 (2010).

15. Defendant was at the time of the filing of this action, and continues to be, a corporation organized under the laws of Delaware. Declaration of Susie Kernan ("Kernan Decl."), ¶ 3. Defendant's top leadership are located in Moon Township, Pennsylvania. Defendant's President & Chief Executive Officer, Chief Financial Officer, General Counsel and Chief Operating Officer are all located in and at all times relevant to this action have been located in Moon Township, Pennsylvania. Kernan Decl., ¶ 3. All high-level decisions about Defendant's

business, strategy, operations and investments are made from its headquarters in Moon Township, Pennsylvania. Kernan Decl., ¶ 3. Given that its top personnel are located in Pennsylvania, it is no surprise that virtually all of Defendant's high-level strategic planning, decisions and analysis are performed within its headquarters in Pennsylvania. Kernan Decl., ¶ 3. Thus, by any test, Defendant's principal place of business or "nerve center" is in Pennsylvania. Accordingly, Defendant is a citizen of Delaware and Pennsylvania.

16. The Complaint also names as defendants Does 1 through 50. See Complaint, ¶ 11. The citizenship of fictitiously-named Doe defendants must be disregarded for removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998). Therefore, diversity of citizenship exists between Plaintiffs and Defendant.

17. Accordingly, no defendant in this action is a citizen of California, and the parties are therefore diverse.

**C.** **Amount in Controversy**

18. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). In diversity cases involving multiple plaintiffs, where at least one named plaintiff satisfies the amount in controversy requirement, the Court possesses supplemental jurisdiction over the claims of all other plaintiffs to the same case or controversy, even if those claims are for less than the otherwise required amount in controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.* 545 U.S. 546, 549 (2005). The amount in controversy for jurisdictional purposes is determined by the amount of damages at issue at the time of removal. *Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217–218 (3rd Cir. 1999). Any past or future attorneys' fees to which a party might be entitled under a contract or statute are also part of the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC* 899 F.3d 785, 788 (9th Cir. 2018).

19. Meeting the $75,000.00 threshold necessary for diversity jurisdiction is not particularly burdensome. When seeking removal of a state court action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation

that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). The failure of the complaint to specify the total amount of damages or other monetary relief sought by the plaintiff does not deprive federal courts of jurisdiction. *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy threshold in a disability discrimination case was undoubtedly met after taking into account the plaintiff's ability to recover unspecified amounts of compensatory damages, punitive damages, and attorneys' fees); *White v. J. C. Penney Life Ins. Co.,* 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding failure of plaintiff to plead specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim[]"). Supporting evidence is only required if the plaintiff contests, or the district court questions, the allegations contained within the removal notice. *Dart Cherokee Basin Operating Co., LLC*, 135. S. Ct. at 554. Defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

20.     Defendant adamantly denies Plaintiffs' allegations, denies any liability, denies employing Plaintiffs, and denies that Plaintiffs have suffered any damages attributable to it in this action. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS*

*Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (citing *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979)). The ultimate inquiry is what amount is put in controversy by the complaint, not what the amount of the defendant's liability (if any) will ultimately be.

21. The claims and allegations in Plaintiff's Complaint make it clear that the amount in controversy will more likely than not exceed $75,000.00 for each Plaintiff, individually. First, Plaintiffs has clearly marked the case as <u>unlimited</u> jurisdiction, which means the amount in controversy at least exceeds $25,000.00. *See* **Exhibit "A"** to this Notice. Second, Plaintiffs seek judgment against Defendant for over four (4) years of unpaid overtime wages, penalties for inaccurate wage statements, waiting-time penalties, numerous PAGA penalties, additional civil penalties including those only available in public agency enforcement actions, and attorneys' fees and costs. See Complaint, ¶¶ 24-25, 49-53, 61-62, 71-76, 81-84, 85, 93-95, 115, 119-121, 123-124, 126-127; Prayer for Relief in Complaint, ¶¶ B-J. Although Defendant denies Plaintiffs' claims and their unspecified requests for relief thereon, the facial allegations in the Complaint and the nature of the allegations and damages sought make it more likely than not that the amount in controversy is well in excess of $75,000.00 for Plaintiffs, individually.

22. Based on the nature of the allegations and damages sought in the Complaint, the nature of the allegations and the claimed damages are sufficient to establish that Plaintiffs, individually, have placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, pursuant to 28 U.S.C. Sections 1332 and 1441(a), this State Court action may be removed to the United States District Court for the Eastern District of California because, at the time this action was filed and the present time, diversity jurisdiction exists.

## V.  NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

23. In accordance with 28 U.S.C. Section 1446(d), promptly after the filing of this Notice with the above-entitled Court, Defendant will give written notice thereof to all adverse parties (i.e., Plaintiffs) and will file a copy of this Notice with the Clerk of Court of the Superior Court of the State of California, County of Shasta.

///

6
DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446
FPDOCS 35059337.1

24. Defendant respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, Sacramento County, be removed to this Court based on diversity jurisdiction.

DATE: March 6, 2019					FISHER & PHILLIPS LLP


							By: /s/ *Alden J. Parker*
								Brandy T. Cody
								Alden J. Parker
								William R.H. Mosher
								Drew M. Tate

							Attorneys for Defendant
							FEDEX GROUND PACKAGE SYSTEM, INC.