Brandy T. Cody, State Bar No. 196923
Email: bcody@fisherphillips.com
**FISHER & PHILLIPS, LLP**
4747 Executive Drive, Suite 1000
San Diego, CA 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
William R.H. Mosher, State Bar No. 228253
Email: wmosher@fisherphillips.com
Drew M. Tate, State Bar No. 312219
Email: dtate@fisherphillips.com
**FISHER & PHILLIPS, LLP**
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone (916) 210-0400
Facsimile  (916) 210-0401

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CHAPMAN and JOHN CHURCHWELL, individually, on behalf of all others similarly situated, and as representatives of the State of California on behalf of all aggrieved employees,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation d/b/a FedEx Home Delivery, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>[*Previously Shasta Superior Court Case Number 191805; Assigned to the Hon. Stephen H. Baker, Department 3*]<br><br>**DECLARATION OF ALDEN J. PARKER IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>State Action Filed: February 1, 2019 |

1

## DECLARATION OF ALDEN J. PARKER

I, Alden J. Parker, hereby declare and state as follows:

1.     I am an attorney at law duly licensed to practice before all courts in the State of California.  I am the managing partner of the Sacramento Office of Fisher & Phillips LLP, counsel of record for Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("Defendant").  Based on my personal knowledge, I assert the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2.     I make this Declaration in support of Defendant's Notice of Removal under 28 U.S.C. §§ 1332, 1441 and 1446.  All of the information set forth herein are based on my personal and first-hand knowledge except where indicated.

3.     Attached as **Exhibit A** to the Notice of Removal filed concurrently with this Declaration is a true and correct copy of the Summons, Complaint, and other related documents filed by Plaintiffs TRAVIS CHAPMAN and JOHN CHURCHWELL in the Superior Court of California, County of Shasta, on February 1, 2019.  The Complaint was served on Defendant on February 5, 2019.

4.     Also included in **Exhibit A** to the Notice of Removal filed concurrently with this Declaration is a true and correct copy of the Answer filed by Defendant to the Complaint in the Superior Court of California, County of Shasta, on March 6, 2019.  The Answer was served on Plaintiffs on March 6, 2019.

5.     On information and belief, as of the date of the filing of the Notice of Removal, no other pleadings have been filed in the action.

///

///

///

///

///

///

///

6.      Proof of Service of the Notice to the Shasta County Superior Court Clerk of Removal to Federal Court and of the Notice to Adverse Party of Removal to Federal Court will be filed with this Court shortly after the Superior Court filings and service upon the adverse party are accomplished.

I declare under penalty of perjury under the laws of these United States of America and California that the foregoing is true and correct.  Executed this 6th day of March, 2019 in Sacramento, California.


   _/s/ Alden J. Parker_____
   Alden J. Parker

DECLARATION OF ALDEN J. PARKER IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446
FPDOCS 35067219.1

# EXHIBIT A

TO THE DECLARATION OF ALDEN J. PARKER IN SUPPORT OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

FEB 04 2019 /24

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

## FILED

FEB 01 2019

CLERK OF THE SUPERIOR COURT
BY: A. SOLLINI, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TRAVIS CHAPMAN and
JOHN CHURCHWELL, individually, on behalf of all others similarly situated, and as
representatives of the State of California on behalf of all aggrieved employees

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FEDEX GROUND PACKAGE SYSTEM, INC.,
a Delaware corporation d/b/a FedEx Home Delivery, and
DOES 1 through 50, inclusive

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California<br>County of Shasta, Main Courthouse<br>1500 Court Street, Room 309<br>Redding, California 96001 | **191805** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel V. Santiago, 355 South Grand Ave., Suite 2450, Los Angeles, CA 90071, phone: (760) 652-9801

| DATE: February 1, 2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | A. SOLLINI | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **FEDEX GROUND PACKAGE SYSTEM, INC., A DELAWARE CORPORATION D/B/A FEDEX HOME DELIVERY**

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Daniel V. Santiago, Esq. (State Bar No. 206532)
2  Law Offices of Daniel V. Santiago, P.C.
   355 South Grand Avenue, Suite 2450
3  Los Angeles, California 90071
   Phone: (760) 652-9801
4  E-mail: dvs@dvslawoffices.com

5  Brian D. Gonzales, Esq. (*pro hac vice* application to be filed)
6  The Law Offices of Brian D. Gonzales, PLLC
   2580 East Harmony Road, Suite 201
7  Fort Collins, Colorado 80528
   Phone: (970) 214-0562
8  E-mail: BGonzales@ColoradoWageLaw.com

9  Dustin T. Lujan, Esq. (*pro hac vice* application to be filed)
10 Lujan Law Office
   1603 Capitol Ave, Suite 310 A559
11 Cheyenne, Wyoming 82001
   Phone: (970) 999-4225
12 E-mail: wyoadvocate@gmail.com

13 Attorneys for Plaintiffs, Travis Chapman and
14 John Churchwell, and the Proposed Class

15        SUPERIOR COURT OF THE STATE OF CALIFORNIA
16            FOR THE COUNTY OF SHASTA

17 TRAVIS CHAPMAN and              Case No. **391805**
   JOHN CHURCHWELL,
18 individually, on behalf of all others similarly   PLAINTIFFS' CLASS ACTION AND
   situated, and as representatives of the State of   REPRESENTATIVE         ACTION
19 California on behalf of all aggrieved employees,   COMPLAINT AGAINST DEFENDANTS
                                    FOR:
20        Plaintiffs,
                                    1. **Failure To Pay Overtime Wages In
21 v.                                   Violation Of California Labor Code
                                        §§204(a), 510(a) and 1194(a);**
22 FEDEX GROUND PACKAGE SYSTEM, INC.,   2. **Failure To Furnish Accurate Itemized
23 a Delaware corporation d/b/a            Wage Statements In Violation Of
   FedEx Home Delivery, and                California Labor Code §226(a);**
24 DOES 1 through 50, inclusive,        3. **Failure To Timely Pay All Wages Due
                                        Upon Termination Of Employment In
25        Defendants.                    Violation Of California Labor Code
                                        §§201-203;**
26                                   4. **Violations Of California Business &
27                                      Professions Code §17200 et seq.;**
28

                                    1

**FILED**
FEB 01 2019
CLERK OF THE SUPERIOR COURT
BY: A. SOLLINI, DEPUTY CLERK

BY FAX

5. **PAGA Penalties Under California Labor Code §§2698 et seq. For Failure To Pay Overtime Wages;**
6. **PAGA Penalties Under California Labor Code §§2698 et seq. For Failure To Furnish Accurate Itemized Wage Statements;**
7. **PAGA Penalties Under California Labor Code §2698 et seq. For Failure To Timely Pay All Wages Due Upon Termination of Employment.**

## JURY TRIAL DEMANDED

Plaintiffs, TRAVIS CHAPMAN and JOHN CHURCHWELL, individually, on behalf of all others similarly situated, and as representatives of the State of California on behalf of all aggrieved employees, bring this putative class action and representative action against the Defendants, FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation d/b/a FedEx Home Delivery (hereinafter referred to as "FEDEX"), and DOES 1 through 50, inclusive. Plaintiffs are informed and believe, and on the basis of that information and belief allege, as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this putative class action against FEDEX pursuant to Section 382 of the California Code of Civil Procedure ("CCP") on behalf of themselves and the following persons hereinafter referred to as "the Class": all California residents who were nominally employed by one or more independent service providers ("ISPs") with whom FEDEX contracted and worked at or from FEDEX's terminal in Redding, California, as drivers delivering FedEx packages at any time within the time period of four (4) years preceding the filing of this Complaint up to and through the time of trial for this matter (hereinafter referred to as "the liability period").

2. FEDEX was a joint employer of Plaintiffs and the Class members throughout their nominal employment by FEDEX's ISPs for a number of reasons including, *inter alia*: (a) FEDEX, directly or indirectly through its ISPs, exercised control over the wages, hours and/or working conditions of Plaintiffs and the Class members; (b) FEDEX, directly or indirectly through its ISPs, controlled the hiring, firing and day-to-day supervision of Plaintiffs and the Class members; (c) FEDEX effectively permitted Plaintiffs and the Class members to work; (d) FEDEX had knowledge

2

of and failed to prevent the work performed by Plaintiffs and the Class members; (e) FEDEX had the power to cause Plaintiffs and the Class members to work, as well as the power to prevent them from working; and (f) FEDEX effectively engaged Plaintiffs and the Class members to work. Accordingly, FEDEX, as a joint employer of Plaintiffs and the Class members, is, and at all times relevant to this action was, responsible for compliance with California's wage and hour laws with regard to Plaintiffs' and the Class members' employment.

3.     Plaintiffs and the Class members were nonexempt employees under California's wage and hour laws throughout their joint employment with FEDEX and its ISPs.

4.     This putative class action arises from the uniform, systematic failures of FEDEX and/or its ISPs, *inter alia*: (a) to pay Plaintiffs and the Class members overtime wages at the applicable overtime rates of pay for all overtime hours worked in excess of 8 hours in one workday and 40 hours in one workweek in violation of California Labor Code ("Labor Code") §§204(a), 510(a) and 1194(a); (b) to furnish Plaintiffs and the Class members with itemized wage statements accurately identifying their hours worked, gross wages earned and net wages earned in violation of Labor Code §226(a); and (c) to pay Plaintiffs and the Class members all wages due upon termination of their employment in violation of Labor Code §§201-203.

**THE PARTIES**

5.     Plaintiff TRAVIS CHAPMAN is an adult male who resides, and at all times relevant to this action has resided, in Shasta County, California.

6.     Plaintiff JOHN CHURCHWELL is an adult male who resides, and at all times relevant to this action has resided, in Shasta County, California.

7.     FEDEX is, and at all times relevant to this action was, a corporation organized and existing under the laws of the State of Delaware.

8.     FEDEX is, and at all times relevant to this action was, authorized to do business in the State of California including in Los Angeles County, California.

9.     FEDEX transacts business, and at all times relevant to this action has transacted business, throughout the State of California including in Shasta County, California.

1    10.    FEDEX's registered agent for services of process in the State of California is C T

2 Corporation System (C0168406), the address of which, according to the most current 1505 Certificate

3 on file with the California Secretary of State, is 818 W. Seventh Street, Suite 930, Los Angeles,

4 California 90017.

5    11.    Plaintiffs do not know the true names and capacities, whether individual, corporate,

6 associate or otherwise, of defendants sued herein as DOES 1 to 50, inclusive, and therefore sue them

7 by those fictitious names under CCP §474. Each defendant designated herein as a DOE defendant is

8 legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave

9 of court to amend this Complaint to reflect the true names and capacities of each defendant designated

10 herein as a DOE defendant when such identities become known.

11    12.    Defendants, and each of them, are and/or at all times relevant to this action were in

12 some manner legally responsible for the events, happenings and circumstances alleged in this

13 Complaint.

14    13.    Defendants, and each of them, proximately subjected Plaintiffs and the Class members

15 to the unlawful practices, wrongs and/or damages alleged in this Complaint.

16    14.    Defendants, and each of them, are and/or at all times relevant to this action were the

17 agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the

18 things alleged in this Complaint, Defendants are and/or at all times relevant to this action were acting

19 within the course and scope of that agency, servitude and/or employment.

20    15.    Defendants, and each of them, are and/or at all times relevant to this action were

21 members of and/or engaged in a joint venture, partnership and common enterprise, and were acting

22 within the course and scope of, and in pursuance of, said joint venture, partnership and common

23 enterprise.

24    16.    Defendants, and each of them, at all times relevant to this action concurred and

25 contributed to the various acts and omissions of each and every one of the other Defendants in

26 proximately causing the unlawful practices, wrongs and/or damages alleged in this Complaint.

27    17.    Defendants, and each of them, at all times relevant to this action approved of,

28

4

1  condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this
2  Complaint.

3      18.    Defendants, and each of them, at all times relevant to this action aided and abetted the
4  acts and omissions of each and every one of the other Defendants, thereby proximately causing the
5  damages alleged in this Complaint.

6                              **JURISDICTION AND VENUE**

7      19.    The California Superior Court has jurisdiction in this matter due to Defendants'
8  aforementioned violations of California statutory law and/or related common law principles.  There
9  is no federal question at issue in this action, as the issues herein are based solely on California statutes
10 and law.

11     20.    The California Superior Court also has jurisdiction in this matter because both the
12 individual and aggregate monetary damages and restitution sought herein exceed the minimal
13 jurisdictional limits of the California Superior Court and will be established at trial, according to
14 proof.

15     21.    This Court has personal jurisdiction over Defendants because they have transacted
16 business in the State of California such that they reasonably anticipated being subject to personal
17 jurisdiction before the courts of this State.

18     22.    Pursuant to CCP Section 395, venue is proper in this Court because, among other
19 reasons, each of the Defendants conducts business in and/or resides in Shasta County, California, and
20 a substantial part of the acts and omissions giving rise to the claims alleged herein occurred in Shasta
21 County, California.

22                              **FACTUAL BACKGROUND**

23     23.    As a central part of its business, FEDEX contracts with incorporated ISPs to deliver
24 packages to its customers through a standardized agreement (the "Agreement").   Under the
25 Agreement, ISPs obtain a service area, usually a zip code, and are responsible to deliver all FedEx
26 packages within that area.  The Agreement establishes a relationship between FEDEX and the ISP
27 that is ongoing and lasting.  The substantial commitments FEDEX requires of the ISP are indicative

28

                                        5

1    of those that effectively establish longevity of duration and a degree of permanency to the joint

2    venture between the two employers.  In turn, the ISPs hire drivers, like Plaintiffs and the Class

3    members, to deliver FedEx packages within the ISPs' service areas.

4         24.    Plaintiff TRAVIS CHAPMAN was jointly employed by FEDEX and MWA HD 2.4,

5    Inc. (one of the ISPs with which FEDEX contracted) during the approximate time period of 2014 to

6    November 2018 as a FEDEX driver working out of FEDEX's terminal in Redding, California.  During

7    this period, Plaintiff TRAVIS CHAPMAN exclusively delivered FEDEX packages.   FEDEX and

8    MWA HD 2.4, Inc. terminated his employment in or around November 2018.

9         25.    Plaintiff JOHN CHURCHWELL is jointly employed by FEDEX and MWA HD 2.4,

10   Inc. (one of the ISPs with which FEDEX contracted).  Plaintiff JOHN CHURCHWELL has been a

11   FEDEX driver since 2006.  He is still employed as a driver working out of FEDEX's terminal in

12   Redding, California.  During this period, Plaintiffs has worked under four different ISPs exclusively

13   delivering FEDEX packages.

14        26.    The ISPs are Plaintiffs', and the Class members', direct but nominal employers;

15   FEDEX directs and controls Plaintiffs' and the Class members' work.  FEDEX is the only client of

16   the ISPs and is the only source of the ISPs' and drivers' incomes for delivery services.

17        27.    FEDEX dictates nearly every aspect of Plaintiffs' and the Class members' work

18   directly and indirectly through its Agreement with each ISP.  In this regard, each ISP is little more

19   than an administrator for FEDEX and an independent contractor in name only, dictating to drivers the

20   policies and directives of FEDEX in accord with the Agreement.

21        28.    Drivers like Plaintiffs and the Class members -- and ISPs in general -- are not required

22   to have any special skills; the delivery of FedEx packages is the only service provided by drivers, and

23   because FEDEX's sole business is to provide delivery services, it cannot operate its business without

24   the drivers.  Consequently, the economic and practical realities reflect that the relationship between

25   FEDEX and drivers is that of an employer and employee.

26        29.    The Agreement requires ISPs to train drivers in accordance with FEDEX safety and

27   operational policies.   This training includes requiring drivers to pass pre-screening checks,

28

6

1   background checks, fill out FEDEX applications at FEDEX's website or at one of its local terminals,

2   review FEDEX required training materials, and complete a driving test according to FEDEX

3   guidelines, the results of which must be submitted to FEDEX for approval prior to hire.  FEDEX

4   retains ultimate control over driver hiring decisions. And, FEDEX determines the standards under

5   which a driver may remain employed.

6         30.   The Agreement requires drivers -- Plaintiffs included -- to wear FEDEX uniforms,

7   drive FEDEX-approved and leased vehicles, carry a FEDEX badge on their persons and groom

8   themselves according to FEDEX's appearance standards.  The Agreement requires the drivers to hold

9   themselves out to the public as FEDEX employees/representatives and not employees of the ISP.

10         31.   Those who do not satisfy FEDEX's eligibility requirements cannot be hired by an ISP

11   to deliver FedEx packages.

12         32.   FEDEX dictates to drivers, like Plaintiffs, what packages to deliver, on what days, at

13   what times, and under what policies and procedures.  An ISP is responsible for delivering all packages

14   scheduled on any given day within its service area regardless of the volume.  This obligation is passed

15   down from the ISP to the driver, like Plaintiffs, regardless of how long it will take him to make the

16   deliveries.

17         33.   Plaintiffs and the Class members are required by FEDEX to deliver and pick up each

18   package within a specific window of time negotiated between FEDEX and its customers.

19         34.   After each delivery, drivers, like Plaintiffs, use a FEDEX-owned electronic scanner to

20   send and record data about the delivery to FEDEX.

21         35.   Plaintiffs and the Class members are required to arrive at a FEDEX terminal each

22   morning and load their own trucks with all packages scheduled for delivery that day.  This process

23   can take anywhere from 2 to 4 hours, and Plaintiffs and the Class members are not compensated for

24   this time.

25         36.   FEDEX mandates Plaintiffs and the Class members to remain at the terminal until all

26   the packages it assigns to them are accounted for, scanned, loaded and their scanners closed out by

27   FEDEX personnel.  FEDEX provides a manifest to each driver that consists of all the deliveries

28

1  scheduled and packages that are on the driver's truck. This manifest coincides with a manifest on the

2  driver's electronic scanner. The scanner cannot be closed out for the day until all packages and

3  delivery stops have been reconciled and uploaded into FEDEX's system.

4      37.     FEDEX's policies and standards were used to train Plaintiffs and the Class members

5  on how best to perform their jobs safely, to interact with customers and to utilize its scanner

6  technology. Specifically, FEDEX management provides weekly safety meetings that Plaintiffs and

7  the Class members are able to attend.

8      38.     Drivers operate a vehicle that must be approved by FEDEX, is leased by FEDEX,

9  operates under FEDEX'S DOT number, bears FEDEX logos, numbers, marks, and insignia. FEDEX

10 management routinely inspects the trucks to see whether they are in compliance with DOT regulations

11 and FEDEX standards.

12     39.     FEDEX requires Plaintiffs' and Class members' trucks be maintained in a clean and

13 presentable fashion.

14     40.     FEDEX managers and employees interacted with Plaintiffs and the Class members

15 throughout the day, dictating to them instructions in respect to packages and customer requests.

16     41.     Plaintiffs and the Class members are trained to direct issues or problems that arose

17 while servicing FEDEX customers to FEDEX management at the terminal.

18     42.     FEDEX undertakes supervisory and oversight obligations for Plaintiffs and the Class

19 members; specifically, FEDEX managers frequently contact Plaintiffs and the Class members to

20 discuss customer complaints and other policy and standard practice issues.

21     43.     FEDEX keeps employee files for Plaintiffs and the Class members that included

22 contact information, training records, employment information, and a history of complaints they

23 receive, DOT compliance violations, and drug testing results. FEDEX exerts continual oversight over

24 drivers by using technology that keeps record of the status of drivers' licenses, driving infractions,

25 and DOT violations.

26     44.     The operating agreements allow FEDEX to terminate drivers by economic sanctions

27 imposed on ISPs for drivers' noncompliance with FEDEX policies.

28

45.     Like the ISPs, Plaintiffs and the Class members are economically dependent on FEDEX because FEDEX is the exclusive source of their respective incomes and FEDEX dictates the material aspects of their work.

46.     The services that Plaintiffs and the Class members perform are integral to FEDEX's business.

47.     FEDEX maintains functional control over Plaintiffs' and the Class members' work by mandating their compliance directly through its management personnel and indirectly through its ISPs.

48.     FEDEX exercises both formal and informal control over Plaintiffs and the Class members.

49.     Plaintiffs and the Class members regularly work 5 to 6 days per week.

50.     Although the length of each driver's workday can vary, Plaintiffs and the Class members regularly work in excess of 8 hours per workday and 40 hours per workweek driving for FEDEX. During the "peak season" which begins in early November and concludes in mid-January, Plaintiffs and the Class members regularly work in excess of 12 hours per day, 6 days per week.

51.     Although Plaintiffs and the Class members are often required to work more than 8 hours per workday and/or 40 hours per workweek furthering FEDEX's business, they are not compensated at the mandated overtime rates of pay for all their overtime hours worked. Instead of paying required overtime, FEDEX drivers are paid a flat rate. FEDEX dictates and controls its ISPs' pay policies both directly and indirectly by, for example, keeping margins so thin that ISPs cannot afford to pay overtime to drivers. No overtime exemption applies to Plaintiffs or the Class members.

52.     FEDEX managers exercise control over the termination of Plaintiffs and Class members by requiring its ISPs to terminate drivers for noncompliance with FEDEX policies and procedures or by threatening drivers directly with termination for noncompliance.

53.     Plaintiffs and the Class members were scheduled to be paid on a weekly basis throughout their joint employment with FEDEX and the ISPs.

9

1

2 **CLASS ACTION ALLEGATIONS**

3     54.   Plaintiffs will seek to certify the Class as defined above and the following Subclasses:

4 (a) all Class members to whom FEDEX failed to pay overtime wages ("Unpaid Overtime Subclass");

5 (b) all Class members to whom FEDEX failed to furnish itemized wage statements accurately

6 identifying, *inter alia,* their hours worked, gross wages earned and net wages earned ("Wage

7 Statement Subclass"); (c) all Class members to whom FEDEX failed to timely pay all wages due

8 upon termination of their employment in violation of Labor Code §203 ("Labor Code §203

9 Subclass"); and (d) all Class members regarding whom FEDEX has engaged in unlawful, unfair

10 and/or fraudulent business acts or practices prohibited by California Business and Professions Code

11 §17200, et seq. ("B&PC §17200 Subclass").

12     55.   The Unpaid Overtime Subclass, Wage Statement Subclass, Labor Code §203 Subclass

13 and B&PC §17200 Subclass described above are hereinafter collectively referred to as "the

14 Subclasses."

15     56.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or

16 necessary to amend the definitions of the Class and one or more of the Subclasses. Plaintiffs will

17 formally define and designate Class and Subclass definitions at such time when Plaintiffs seek to

18 certify the Class and Subclasses alleged herein.

19     57.   Plaintiffs bring this putative class action pursuant to CCP Section 382 and California

20 Civil Code Section 1781 on behalf of themselves and the Class and Subclasses defined above.

21 Excluded from the Class and Subclasses are: (a) any judges presiding over this action and members

22 of their families; (b) Defendants' current and former members and officers; (c) persons who properly

23 execute and file a timely request for exclusion from the Class; and (d) the legal representatives,

24 successors or assigns of any such excluded persons.

25     58.   **Numerosity.** The Class consists of at least One Hundred (100) persons which is a

26 sufficiently large number of individuals such that joinder is unfeasible and impractical. The exact

27 sizes of the Class and Subclasses and the identities of the individual members thereof are readily

28

ascertainable via inspection of FEDEX's records.  The disposition of the claims of the members of the Class and Subclasses through this class action will benefit both the parties and this Court.

59.   **Typicality.**  Plaintiffs and Class members are similarly situated, have identical or substantially similar job requirements and pay provisions, and were subjected to FEDEX's common practice, policies, control, and oversight.  Indeed, Defendants' uniform, systematic policies and practices as alleged herein were uniformly and systematically applied with respect to Plaintiffs and the Class members.  Plaintiffs and Class members all were paid under a similar compensation plan that is challenged in this lawsuit.  Plaintiffs and Class members all were denied overtime required by law.  Plaintiffs' and the Class members' claims are based on the same legal theories, arise from the same policies and practices resulting in the same or substantially similar types of economic harm, and seek similar remedies.  Accordingly, Plaintiffs' claims are not only typical of, but also nearly identical to, the other Class members' claims.

60.   **Commonality and Predominance.**  The Class and Subclasses have well-defined communities of interest.  FEDEX has acted and failed to act on grounds generally applicable to the Class and Subclasses, thereby making appropriate final relief with respect to the Class and Subclasses as a whole.  Additionally, the Court's imposition of uniform, class-wide relief would ensure compatible standards of conduct toward the Class and Subclasses.  As alleged herein, there are many questions of fact and law common to the claims of Plaintiffs and the Class members, and those questions predominate over any questions that may affect only individual Class members.

61.   **Common Questions of Fact.**  Common questions of fact affecting Plaintiffs and the Class members throughout the liability period include, but are not limited to, the following:

(a)     whether FEDEX, directly or indirectly through its ISPs, exercised control over the wages of Plaintiffs and the Class members throughout their nominal employment by FEDEX's ISPs;

(b)     whether FEDEX, directly or indirectly through its ISPs, exercised control over the hours of Plaintiffs and the Class members throughout their nominal employment by FEDEX's ISPs;

11

1   (c) whether FEDEX, directly or indirectly through its ISPs, exercised control over the

2 working conditions of Plaintiffs and the Class members throughout their nominal employment by

3 FEDEX's ISPs;

4   (d) whether, FEDEX, directly or indirectly through its ISPs, controlled the hiring, firing

5 and day-to-day supervision of Plaintiffs and the Class members throughout their nominal employment

6 by FEDEX's ISPs;

7   (e) whether FEDEX effectively permitted Plaintiffs and the Class members to work

8 throughout their nominal employment by FEDEX's ISPs;

9   (f) whether FEDEX had knowledge of and failed to prevent the work performed by

10 Plaintiffs and the Class members throughout their nominal employment by FEDEX's ISPs;

11   (g) whether FEDEX had the power to cause Plaintiffs and the Class members to work, as

12 well as the power to prevent them from working, throughout their nominal employment by FEDEX's

13 ISPs;

14   (h) whether FEDEX effectively engaged Plaintiffs and the Class members to work

15 throughout their nominal employment by FEDEX's ISPs;

16   (i) whether Plaintiffs and the Unpaid Overtime Subclass members commonly, regularly

17 and/or systematically were not paid overtime wages at the applicable overtime rates of pay for all

18 overtime hours worked in excess of 8 hours in one workday and/or 40 hours in one workweek as

19 alleged herein;

20   (j) whether FEDEX knew or should have known that Plaintiffs and the Unpaid Overtime

21 Subclass members commonly, regularly and/or systematically were not paid overtime wages at the

22 applicable overtime rates of pay for all overtime hours worked in excess of 8 hours in one workday

23 and/or 40 hours in one workweek as alleged herein;

24   (k) whether FEDEX commonly, regularly and/or systematically failed to pay Plaintiffs

25 and the Unpaid Overtime Subclass members overtime wages at the applicable overtime rates of pay

26 for all overtime hours worked in excess of 8 hours in one workday and/or 40 hours in one workweek

27 as alleged herein;

28

**PLAINTIFFS' CLASS ACTION AND REPRESENTATIVE ACTION
COMPLAINT AGAINST DEFENDANTS**

(l)     whether Plaintiffs and the Wage Statement Subclass members commonly, regularly and/or systematically were not provided, semimonthly or at the time of each payment of wages, with itemized written statements accurately identifying, *inter alia*, their hours worked, gross wages earned and net wages earned;

(m)     whether FEDEX knew or should have known that Plaintiffs and the Wage Statement Subclass members commonly, regularly and/or systematically were not provided, semimonthly or at the time of each payment of wages, with itemized written statements accurately identifying, *inter alia*, their hours worked, gross wages earned and net wages earned;

(n)     whether FEDEX commonly, regularly and/or systematically failed to provide Plaintiffs and the Wage Statement Subclass members, semimonthly or at the time of each payment of wages, with itemized written statements accurately identifying, *inter alia*, their hours worked, gross wages earned and net wages earned;

(o)     whether the Labor Code §203 Subclass members whose employment FEDEX and/or its ISPs terminated were commonly, regularly and/or systematically not paid all of the wages that were due and owing to them on the dates their employment was terminated;

(p)     whether FEDEX knew or should have known that the Labor Code §203 Subclass members whose employment FEDEX and/or its ISPs terminated were commonly, regularly and/or systematically not paid all of the wages that were due and owing to them on the dates their employment was terminated;

(q)     whether FEDEX commonly, regularly and/or systematically failed to pay the Labor Code §203 Subclass members whose employment FEDEX and/or its ISPs terminated all of the wages that were due and owing to them on the dates their employment was terminated;

(r)     whether the Labor Code §203 Subclass members who quit their employment with FEDEX and/or its ISPs were commonly, regularly and/or systematically not paid all of the wages that were due and owing to them within three days of the dates they quit their employment;

(s)     whether FEDEX knew or should have known that the Labor Code §203 Subclass members who quit their employment with FEDEX and/or its ISPs were commonly, regularly and/or

13

systematically not paid all of the wages that were due and owing to them within three days of the dates they quit their employment; and

(t)     whether FEDEX commonly, regularly and/or systematically failed to pay the Labor Code §203 Subclass members who quit their employment with FEDEX and/or its ISPs all of the wages that were due and owing to them within three days of the dates they quit their employment.

62.    **Common Questions of Law.** Common questions of law affecting Plaintiffs and the Class members throughout the liability period include, but are not limited to, the following:

(a)     whether FEDEX was a joint employer of Plaintiffs and the Class members throughout their nominal employment by FEDEX's ISPs;

(b)     whether any exemptions under California's wage and hour laws apply to Plaintiffs and the Class members;

(c)     whether FEDEX violated Labor Code §510(a) and/or Labor Code §1194(a) by not paying Plaintiffs and the Unpaid Overtime Subclass members overtime wages for all overtime hours worked as alleged herein;

(d)     whether Plaintiffs and the Unpaid Overtime Subclass members are entitled to recover interest on the unpaid overtime wages pursuant to Labor Code §1194;

(e)     whether Plaintiffs and the Unpaid Overtime Subclass members are entitled to recover their reasonable attorney's fees with regard to their claims for unpaid overtime wages pursuant to Labor Code §1194 as alleged herein;

(f)     whether Plaintiffs and the Unpaid Overtime Subclass members are entitled to recover their costs of suit with regard their claims for the unpaid overtime wages pursuant to Labor Code §1194 as alleged herein;

(g)     whether Plaintiffs and the Wage Statement Subclass members are entitled to recover damages against FEDEX under Labor Code §226(e) as alleged herein; and

(h)     whether Plaintiffs and the Labor Code §203 Subclass members are entitled to recover waiting time penalties against FEDEX under Labor Code §203(a) as alleged herein.

63.    **Superiority.** A class action is superior to any other available method for the fair and

1   efficient adjudication of the Class members' claims for a number of reasons. First, in the context of

2   employment litigation, a substantial number of Class members would avoid asserting their rights

3   individually out of fear of retaliation or adverse impact on their current and/or future employment.

4   Second, because of the size of the individual Class members' claims, most, if not all, of the Class

5   members would not seek legal redress for the wrongs identified in this Complaint. Thus, without

6   the class action vehicle, the Class would have no reasonable remedy. Third, the class treatment of

7   common questions of law and fact is also superior to multiple individual actions or piecemeal

8   litigation in that it conserves the resources of the courts and the litigants. A class action in this case

9   presents fewer management problems and provides the benefits of single adjudication, economies of

10   scale, and comprehensive supervision by a single court. In contrast, individual litigation of Class

11   members' claims would be impracticable and unduly burdensome to the courts and the litigants.

12   Fourth, the prosecution of separate actions by individual members of the Class would create a risk

13   of: (a) inconsistent or varying adjudications with respect to individual members of the Class which

14   would establish incompatible standards of conduct for the parties opposing the Class; and (b)

15   adjudications with respect to individual members of the Class which would, as a practical matter, be

16   dispositive of the interests of the other members not parties to the adjudications or substantially

17   impair or impede their ability to protect their interests.

18       64.   **Adequacy.** Plaintiffs will fairly and adequately represent and protect the interests of

19   the Class members. The interests of Class members are coincident with, and not antagonistic to,

20   those of Plaintiffs. Plaintiffs and other Class members all are current or former employees of FEDEX

21   and/or ISPs with whom FEDEX contracts and perform the same types of non-exempt package

22   delivery work. Their claims are identical and run solely against Defendants. Plaintiffs and other

23   Class members do not have contractual relationships with each other, hence they do not have cross

24   claims, third party claims, or claims in the nature of contribution, comparative fault, or set-off that

25   would place them at odds with each other. In short, their interests are identical and not in conflict.

26   Furthermore, Plaintiffs have retained counsel with substantial experience in prosecuting complex

27   civil litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting

28

1  this action on behalf of the other Class members and have the financial resources to do so.  Neither

2  Plaintiffs nor their counsel have any interest adverse to those of the other Class members.

3  **FIRST CAUSE OF ACTION**

4  **(BY PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL UNPAID OVERTIME**

5  **SUBCLASS MEMBERS, AGAINST ALL DEFENDANTS FOR FAILURE TO PAY**

6  **OVERTIME WAGES IN VIOLATION OF LABOR CODE §§204(a), 510(a) and 1194(a))**

7  65.  Plaintiffs, individually and on behalf of all others similarly situated, incorporate by

8  reference paragraphs 1 - 64 of this Complaint as if fully set forth herein.

9  66.  Labor Code §204(a) provides in part, "[a]ll wages, other than those mentioned in

10  Section 201, 201.3, 204.1, or 204.2, earned by any person in any employment are due and payable

11  twice during each calendar month, on days designated in advance by the employer as the regular

12  paydays."

13  67.  Labor Code §510(a) and IWC Wage Order No. 9-2001, §3(A) provide that an

14  employer must compensate its employee's work in excess of 8 hours in any workday, in excess of 40

15  hours in any workweek, and for the first 8 hours worked on the seventh consecutive day of work in a

16  workweek, at a rate of no less than 1.5 times the employee's regular rate of pay.

17  68.  Labor Code §510(a) and IWC Wage Order No. 9-2001, §3(A) further provide that an

18  employer must compensate its employee's work in excess of 12 hours in any workday, and in excess

19  of 8 hours worked on the seventh consecutive day of work in a workweek, at a rate of no less than 2

20  times the employee's regular rate of pay.

21  69.  Labor Code §515(d)(2) provides that "[p]ayment of a fixed salary to a nonexempt

22  employee shall be deemed to provide compensation only for the employee's regular, nonovertime

23  hours, notwithstanding any private agreement to the contrary."

24  70.  Labor Code §1194(a) provides in part that "any employee receiving less than the legal

25  minimum wage or the legal overtime compensation applicable to the employee is entitled to recover

26  in a civil action the unpaid balance of the full amount of this minimum wage or overtime

27  compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

28

16

71. All of the hours that Plaintiffs and the Unpaid Overtime Subclass members worked for FEDEX during their employment with FEDEX constituted "hours worked" as defined by IWC Wage Order No. 9-2001, §2(H), i.e., "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

72. All of the hours that Plaintiffs and the Unpaid Overtime Subclass members worked for FEDEX were times during which they were subject to the control of FEDEX.

73. All of the hours that Plaintiffs and the Unpaid Overtime Subclass members worked for FEDEX were times they were suffered or permitted to work by FEDEX.

74. Plaintiffs and the Unpaid Overtime Subclass members regularly worked in excess of 8 hours per workday throughout their employment with FEDEX.

75. Plaintiffs and the Unpaid Overtime Subclass members regularly worked in excess of 40 hours per workweek throughout their employment with FEDEX.

76. FEDEX has failed to pay Plaintiffs and the Unpaid Overtime Subclass overtime wages for all overtime hours worked as alleged herein.

77. Pursuant to Labor Code §§204(a), 510(a) and 1194(a) and IWC Wage Order No. 9-2001, §3(A), Plaintiffs and the Unpaid Overtime Subclass members are entitled to recover damages for the nonpayment of overtime wages for all overtime hours worked as alleged herein.

**SECOND CAUSE OF ACTION**

**(BY PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL WAGE STATEMENT SUBCLASS MEMBERS, AGAINST ALL DEFENDANTS FOR FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS UNDER CALIFORNIA LABOR CODE §226(a))**

78. Plaintiffs, individually and on behalf of all others similarly situated, incorporate by reference paragraphs 1 - 77 of this Complaint as if fully set forth herein.

79. Labor Code §226(a) provides in part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees . . . an accurate itemized

17

statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, . . . (4) all deductions, . . . (5) net wages earned . . . and (9) all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by the employee. . ."

80.     IWC Wage Order No. 9-2001, §7(A) provides in part: "Every employer shall keep accurate information with respect to each employee including the following: . . . (3) Time records showing when the employee begins and ends each work period. . . [T]otal daily hours worked shall also be recorded. . . (4) Total wages paid each payroll period[.] . . . (5) Total hours worked in the payroll period and applicable rates of pay.  This information shall be made readily available to the employee upon reasonable request."

81.     During Plaintiffs' and the Wage Statement Subclass members' employment with FEDEX, FEDEX commonly, regularly and/or systematically failed to timely provide them with itemized written statements in accordance with Labor Code §226(a) and IWC Wage Order No. 9-2001, §7.

82.     During Plaintiffs' and the Wage Statement Subclass members' employment with FEDEX, FEDEX had systematic practices of knowingly and intentionally failing to comply with the aforementioned requirements of Labor Code §226(a) and IWC Wage Order No. 9-2001, §7 with regard to their wage statements.

83.     Plaintiffs and the Wage Statement Subclass members have suffered injury as a result of FEDEX's knowing and intentional failures to comply with Labor Code §226(a) and IWC Wage Order No. 9-2001, §7, because, *inter alia*, they were misled by FEDEX as to the correct information regarding various items on their wage statements including, but not limited to, the total hours worked, gross wages earned, net wages earned and the number of hours worked at each hourly rate.

84.     Pursuant to Labor Code §226(e), Plaintiffs and the Wage Statement Subclass members suffered injury as a result of FEDEX's knowing and intentional failure to comply with Labor Code §226(a) as alleged herein and, therefore, they are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars

18

1  ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate

2  penalty of four thousand dollars ($4,000).

3      85.    Pursuant to Labor Code §226(g), the currently-employed members of the Wage

4  Statement Subclass are also entitled to injunctive relief to ensure FEDEX's compliance with Labor

5  Code §226.

6      86.    Pursuant to Labor Code §226(e) and (g), the Wage Statement Subclass members are

7  also entitled to an award of costs and reasonable attorneys' fees.

8                              **THIRD CAUSE OF ACTION**

9        **(BY PLAINTIFF TRAVIS CHAPMAN, INDIVIDUALLY AND ON BEHALF OF ALL**

10      **LABOR CODE §203 SUBCLASS MEMBERS, AGAINST ALL DEFENDANTS FOR**

11        **WAITING TIME PENALTIES UNDER LABOR CODE § 203(a))**

12      87.    Plaintiff TRAVIS CHAPMAN, individually and on behalf of all others similarly

13  situated, incorporates by reference paragraphs 1 - 86 of this Complaint as if fully set forth herein.

14      88.    Under Labor Code §201(a), if an employer discharges an employee, the wages earned

15  and unpaid at the time of discharge are due and payable immediately.

16      89.    Under Labor Code §202(a), if an employee not having a written contract for a definite

17  period quits his employment, his wages shall become due and payable not later than 72 hours

18  thereafter.

19      90.    Under Labor Code §203(a), if an employer willfully fails to pay, without abatement or

20  reduction, in accordance with Labor Code §201 any wages of an employee who is discharged or in

21  accordance with Labor Code §202 any wages of an employee who quits, the wages of the employee

22  shall continue as a penalty from the due date thereof at the same rate until paid for a period of up to

23  30 days from the time they were due.

24      91.    Plaintiff TRAVIS CHAPMAN and the Labor Code §203 Subclass members are no

25  longer employed by FEDEX as they were either discharged from or quit FEDEX's employ.

26      92.    Neither Plaintiff TRAVIS CHAPMAN nor any Labor Code §203 Subclass member

27  ever had a written contract of employment with FEDEX for a definite period.

28

                                        19

93.     As of the date of the filing of this Complaint, FEDEX has willfully failed to pay Plaintiff TRAVIS CHAPMAN and the Labor Code §203 Subclass members the full amount of wages which were due and payable to them at the time of their termination or within 72 hours of their resignation, and further willfully failed to pay those sums for up to 30 days thereafter.

94.     FEDEX's willful failure to pay wages to Plaintiff TRAVIS CHAPMAN and the Labor Code §203 Subclass members violates Labor Code §203 because FEDEX knew or should have known wages were due and owing them but failed to pay them.

95.     As a result of FEDEX's willful failures to pay Plaintiff TRAVIS CHAPMAN and the Labor Code §203 Subclass members as alleged herein, they are entitled to recovery under Labor Code §203(a).

## FOURTH CAUSE OF ACTION

## (BY PLAINTIFFS, INDIVIDUALLY AND ON BEHALF OF ALL B&PC §17200 SUBCLASS MEMBERS, AGAINST ALL DEFENDANTS FOR VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 et seq.)

96.     Plaintiffs, individually and on behalf of all others similarly situated, incorporate by reference paragraphs 1 - 95 of this Complaint as if fully set forth herein.

97.     B&PC §17200 provides in part that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act . . ."

98.     B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

99.     B&PC §17204 provides than an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

100.    FEDEX has engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the foregoing paragraphs of this Complaint, thereby depriving Plaintiffs and the B&PC §17200 Subclass members of the minimum working

1    standards and conditions due to them under the Labor Code and/or IWC Wage Order No. 9-2001 as
2    specifically alleged herein.

3        101.    FEDEX has engaged in unfair business practices in California by practicing,
4    employing and utilizing the employment practices outlined in the preceding paragraphs, specifically,
5    by requiring employees to perform the labor services complained of herein without the requisite
6    compensation.

7        102.    FEDEX's use of such practices constitutes an unfair business practice, unfair
8    competition and provides an unfair advantage over its competitors.

9        103.    Plaintiffs and the B&PC §17200 Subclass members have suffered injury in fact and
10    have lost money or property as a result of such unfair competition.

11        104.    As a result of FEDEX's unlawful, unfair and fraudulent business acts or practices as
12    alleged herein, FEDEX has reaped and continues to reap unfair profits and to be unlawfully enriched
13    at the expense of Plaintiffs and the B&PC §17200 Subclass members.  Pursuant to B&PC §§17202-
14    17203, FEDEX should be enjoined from these unlawful, unfair and fraudulent business acts and
15    practices, made to disgorge all ill-gotten gains, and made to restore to Plaintiffs and the B&P §17200
16    Class members all sums for, *inter alia*, failing to pay all wages due and owing to them.

17        105.    Plaintiffs and the B&PC §17200 Subclass members seek full restitution from FEDEX,
18    as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted
19    by FEDEX by means of the unfair practices complained of herein.

20        106.    FEDEX's unlawful, unfair and fraudulent business acts or practices as alleged herein
21    are continuing.  If FEDEX is not enjoined from such business acts or practices, FEDEX will continue
22    to engage in such business acts or practices in violation of the rights of Plaintiffs and the B&PC
23    §17200 Subclass members as alleged herein.

24        107.    For the foregoing reasons, Plaintiffs and the B&PC §17200 Subclass members request
25    that the Court: (1) issue a preliminary and permanent injunction prohibiting FEDEX from engaging
26    in the foregoing business acts and practices; and (2) appoint a receiver, as necessary, to establish the
27    total monetary relief sought from FEDEX.

28

1   108.   Plaintiffs and the B&PC §17200 Subclass members seek the recovery of their
2   attorneys' fees and costs in prosecuting this cause of action against FEDEX under CCP §1021.5 and
3   other applicable law.

**FIFTH CAUSE OF ACTION**

**(BY PLAINTIFFS, AS REPRESENTATIVES OF THE STATE OF CALIFORNIA ON BEHALF OF THEMSELVES AND OTHER AGGRIEVED EMPLOYEES, AGAINST ALL DEFENDANTS FOR PAGA PENALTIES UNDER CALIFORNIA LABOR CODE §§2698 ET SEQ. AND 558(a) FOR FAILURE TO PAY OVERTIME WAGES)**

9   109.   Plaintiffs, as representatives of the State of California on behalf of themselves and
10  other aggrieved employees, incorporate by reference paragraphs 1 - 108 of this Complaint as if fully
11  set forth herein.

12  110.   Labor Code §558(a) provides: "Any employer or other person acting on behalf of an
13  employer who violates, or causes to be violated, a section of this chapter [i.e., Labor Code §§500-
14  558] or any provision regulating hours and days of work in any order of the Industrial Welfare
15  Commission shall be subject to a civil penalty as follows: [¶] (1) For any initial violation, fifty dollars
16  ($50) for each underpaid employee for each pay period for which the employee was underpaid in
17  addition to an amount sufficient to recover underpaid wages. [¶] (2) For each subsequent violation,
18  one hundred dollars ($100) for each underpaid employee for each pay period for which the employee
19  was underpaid in addition to an amount sufficient to recover underpaid wages.  [¶] (3) Wages
20  recovered pursuant to this section shall be paid to the affected employee."

21  111.   Labor Code §2699(a) provides: "Notwithstanding any other provision of law, any
22  provision of this code that provides for a civil penalty to be assessed and collected by the Labor and
23  Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies,
24  or employees, for a violation of this code, may, as an alternative, be recovered through a civil action
25  brought by an aggrieved employee on behalf of himself or herself and other current or former
26  employees pursuant to the procedures specified in Section 2699.3." Pursuant to Labor Code §2699(a),
27  Plaintiffs, as representative of the State of California on behalf of himself and other aggrieved
28

1  employees, seeks recovery of all applicable civil penalties.

2      112.    Labor Code §2699(f) provides: "For all provisions of this code except those for which

3  a civil penalty is specifically provided, there is established a civil penalty for a violation of these

4  provisions, as follows: [¶] (2) If, at the time of the alleged violation, the person employs one or more

5  employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period

6  for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period

7  for each subsequent violation." Pursuant to Labor Code §2699(f)(2), Plaintiffs, as representative of

8  the State of California on behalf of himself and other aggrieved employees, seeks recovery of all

9  applicable civil penalties.

10      113.    Labor Code §2699(g)(1) provides: "Except as provided in paragraph (2), an aggrieved

11  employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the

12  procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former

13  employees against whom one or more of the alleged violations was committed. Any employee who

14  prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing

15  in this part shall operate to limit an employee's right to pursue or recover other remedies available

16  under state or federal law, either separately or concurrently with an action taken under this part."

17  Pursuant to Labor Code §2699(g)(1), Plaintiffs seeks recovery of reasonable attorney's fees and costs.

18      114.    Labor Code §2699.3(a) provides in part: "A civil action by an aggrieved employee

19  pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section

20  2699.5 shall commence only after the following requirements have been met: [¶] (1) (A) The

21  aggrieved employee or representative shall give written notice by online filing with the Labor and

22  Workforce Development Agency ["LWDA"] and by certified mail to the employer of the specific

23  provisions of this code alleged to have been violated, including the facts and theories to support the

24  alleged violation."

25      115.    In this representative action, Plaintiffs, as representatives of the State of California on

26  behalf of themselves and other aggrieved employees, allege violations of various provisions listed in

27  Labor Code §2699.5 (namely, Labor Code §§201, 202, 203, 226(a), 510(a) and 1194). As such, Labor

28

1 | Code §2699.3(a) applies to this action, and Labor Code §2699.3(b) and Labor Code §2699.3(c) do
2 | not apply to this action.

3 |   116:  Contemporaneous with the filing of this Complaint and in accordance with Labor Code
4 | §2699.3(a)(1), Plaintiffs' counsel gave written notice by online filing with the LWDA as well as by
5 | certified mail to the LWDA and FEDEX of the specific provisions of the Labor Code alleged to have
6 | been violated, including the facts and theories to support the alleged violations.  True and correct
7 | copies of such notices are attached hereto as Group Exhibit 1 and incorporated herein by reference.

8 |   117.  Labor Code §2699.3(a)(2)(A) provides: "The agency shall notify the employer and the
9 | aggrieved employee or representative by certified mail that it does not intend to investigate the alleged
10 | violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph
11 | (1).  Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark
12 | date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil
13 | action pursuant to Section 2699."

14 |   118.  After receiving notification from the LWDA that it does not intend to investigate the
15 | alleged violations, or after 65 days of the postmark date of giving notice to the LWDA if no response
16 | has been received from the LWDA, Plaintiffs will amend this Complaint (or, if necessary, seek leave
17 | to amend this Complaint) to allege exhaustion of the notice requirements and administrative remedies
18 | as required by Labor Code §2699, standing and capacity to sue as a representative of the State of
19 | California.

20 |   119.  As a result of FEDEX's unlawful acts as alleged herein, Plaintiffs are entitled to
21 | recover, as representatives of the State of California on behalf of themselves and other aggrieved
22 | employees, the maximum civil penalties permitted by the Private Attorneys General Act ("PAGA"),
23 | Labor Code §2698 et seq., from Defendants for all civil violations of Labor Code §§201, 202, 203,
24 | 226(a), 510(a) and 1194 as well as reasonable attorney's fees and costs.

25 |   120.  As a result of FEDEX's unlawful acts as alleged herein, Plaintiffs and the other
26 | aggrieved employees they seek to represent are entitled to recover penalties, including underpaid
27 | wages, pursuant to Labor Code §558(a) in an amount according to proof with regard to Defendants'
28 |

failures to pay overtime wages for all overtime hours worked in violation of Labor Code §§510(a) and 1194(a).  By this Fifth Cause of Action, Plaintiffs and the other aggrieved employees they seek to represent seek to recover any and all such penalties.

121.   Plaintiffs, as representatives of the State of California on behalf of themselves and other aggrieved employees, are entitled to recover any and all penalties for each and every violation of the Labor Code (including Defendants' failures to pay overtime wages for all overtime hours worked in violation of Labor Code §§510(a) and 1194(a)) in an amount according to proof, as to those penalties that are otherwise only available in public agency enforcement actions.  By this Fifth Cause of Action, Plaintiffs, as representatives of the State of California on behalf of themselves and other aggrieved employees, seek to recover any and all such penalties.

**SIXTH CAUSE OF ACTION**

**(BY PLAINTIFFS, AS REPRESENTATIVES OF THE STATE OF CALIFORNIA ON BEHALF OF THEMSELVES AND OTHER AGGRIEVED EMPLOYEES, AGAINST ALL DEFENDANTS FOR PAGA PENALTIES UNDER CALIFORNIA LABOR CODE §§2698 ET SEQ. AND 558(a) FOR FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS)**

122.   Plaintiffs, as representatives of the State of California on behalf of themselves and other aggrieved employees, incorporate by reference paragraphs 1 - 121 of this Complaint as if fully set forth herein.

123.   As a result of FEDEX's unlawful acts as alleged herein, Plaintiffs and the other aggrieved employees they seek to represent are entitled to recover penalties pursuant to Labor Code §558(a) in an amount according to proof with regard to Defendants' failures to timely provide accurate itemized wage statements under Labor Code §226(a) and IWC Wage Order No. 9-2001, §7(A).  By this Sixth Cause of Action, Plaintiffs and the other aggrieved employees they seek to represent seek to recover any and all such penalties.

124.   Plaintiffs, as representatives of the State of California on behalf of themselves and other aggrieved employees, are entitled to recover any and all penalties for each and every violation

1 | of the Labor Code (including Defendants' failures to furnish accurate itemized wage statements under
2 | Labor Code §226(a) and IWC Wage Order No. 9-2001, §7(A)) in an amount according to proof, as
3 | to those penalties that are otherwise only available in public agency enforcement actions.  By this
4 | Sixth Cause of Action, Plaintiffs, as representatives of the State of California on behalf of themselves
5 | and other aggrieved employees, seek to recover any and all such penalties.

6 | **SEVENTH CAUSE OF ACTION**

7 | **(BY PLAINTIFF TRAVIS CHAPMAN, AS REPRESENTATIVE OF THE STATE OF**
8 | **CALIFORNIA ON BEHALF OF HIMSELF AND OTHER AGGRIEVED EMPLOYEES,**
9 | **AGAINST ALL DEFENDANTS FOR PAGA PENALTIES UNDER CALIFORNIA LABOR**
10 | **CODE §2698 ET SEQ. FOR FAILURE TO TIMELY PAY ALL WAGES DUE UPON**
11 | **TERMINATION OF EMPLOYMENT)**

12 | 125.   Plaintiff TRAVIS CHAPMAN, as representative of the State of California on behalf
13 | of himself and other aggrieved employees, incorporates by reference paragraphs 1 - 124 of this
14 | Complaint as if fully set forth herein.

15 | 126.   As a result of FEDEX's unlawful acts as alleged herein, Plaintiff TRAVIS
16 | CHAPMAN and the other aggrieved employees he seeks to represent are entitled to recover penalties
17 | pursuant to Labor Code §558(a) in an amount according to proof.  By this Seventh Cause of Action,
18 | Plaintiff TRAVIS CHAPMAN and the other aggrieved employees he seeks to represent seek to
19 | recover any and all such penalties.

20 | 127.   Plaintiff TRAVIS CHAPMAN, as representative of the State of California on behalf
21 | of himself and other aggrieved employees, is entitled to recover any and all penalties for each and
22 | every violation of the Labor Code (including Defendants' failures to timely pay all wages due upon
23 | termination of Plaintiff TRAIVS CHAPMAN's and other aggrieved employees' employment in
24 | violation of Labor Code §§201-203) in an amount according to proof, as to those penalties that are
25 | otherwise only available in public agency enforcement actions.  By this Seventh Cause of Action,
26 | Plaintiff TRAVIS CHAPMAN, as representative of the State of California on behalf of himself and
27 | other aggrieved employees, seeks to recover any and all such penalties.

28

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class members and aggrieved employees whom they seek to represent, request the following relief:

A.     As to the First through Fourth Causes of Action, Plaintiffs request that the Court enter an order certifying the proposed Class and Subclasses alleged herein, appointing Plaintiffs as the representative of the Class and Subclasses alleged herein, and appointing Plaintiffs' undersigned counsel as lead counsel for the Class and Subclasses alleged herein;

B.     As to the First Cause of Action, Plaintiffs request that the Court enter judgment against all Defendants for: (a) compensation for all overtime hours worked by Plaintiffs and the Unpaid Overtime Subclass members for which FEDEX did not pay overtime wages according to proof plus interest thereon pursuant to Labor Code §§204(a), 510(a) and 1194(a); (b) reasonable attorney's fees and costs of suit pursuant to Labor Code §1194; and (c) any other and further relief that the Court considers proper;

C.     As to the Second Cause of Action, Plaintiffs request that the Court enter judgment against all Defendants for: (a) compensatory damages under Labor Code §226(e) according to proof; (b) reasonable attorney's fees and costs; and (c) any other and further relief that the Court considers proper;

D.     As to the Third Cause of Action, Plaintiff TRAVIS CHAPMAN requests that the Court enter judgment against all Defendants for: (a) all waiting time penalties under Labor Code §203(a) according to proof; (b) reasonable attorney's fees and costs; and (c) any other and further relief that the Court considers proper;

E.     As to the Fourth Cause of Action, Plaintiffs request that the Court enter an Order against all Defendants for: (a) an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to proposed Class members who are owed monies by Defendants; (b) an Order requiring Defendants to identify each of the proposed Class members by name, home address, and home telephone number; (c) an Order requiring Defendants to make full restitution and payment

27

1  pursuant to California law; (d) an Order for a preliminary and/or permanent injunction prohibiting

2  Defendants from engaging in the acts complained of herein; (e) the creation of an administrative

3  process wherein each injured member of the proposed Class may submit a claim in order to receive

4  his/her money; (f) all other appropriate injunctive, declaratory and equitable relief; (g) interest to the

5  extent permitted by law; and (h) an award of attorney's fees and costs incurred in the investigation,

6  filing and prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code

7  §1194 and/or any other applicable provision of law;

8        F.      As to the Fifth Cause of Action after Plaintiffs amend this Complaint (or, if necessary,

9  seek leave to amend this Complaint) to allege exhaustion of the administrative remedies as required

10  by Labor Code §2699, Plaintiffs request that the Court enter an Order against all Defendants for: (a)

11  the maximum civil penalties permitted by PAGA for Defendants' failures to pay Plaintiffs and the

12  Unpaid Overtime Subclass members overtime wages in violation of Labor Code §§204(a), 510(a) and

13  1194(a); and (b) reasonable attorney's fees and costs;

14        G.      As to the Sixth Cause of Action after Plaintiffs amend this Complaint (or, if necessary,

15  seek leave to amend this Complaint) to allege exhaustion of the administrative remedies as required

16  by Labor Code §2699, Plaintiffs request that the Court enter an Order against all Defendants for: (a)

17  the maximum civil penalties permitted by PAGA for Defendants' failures to furnish accurate itemized

18  wage statements under Labor Code §226(a); and (b) reasonable attorney's fees and costs;

19        H.      As to the Seventh Cause of Action after Plaintiff TRAVIS CHAPMAN amends this

20  Complaint (or, if necessary, seeks leave to amend this Complaint) to allege exhaustion of the

21  administrative remedies as required by Labor Code §2699, Plaintiff TRAVIS CHAPMAN requests

22  that the Court enter an Order against all Defendants for: (a) the maximum civil penalties permitted

23  by PAGA for Defendants' failures to timely pay all wages due upon termination of Plaintiff TRAVIS

24  CHAPMAN's and other aggrieved employees' employment in violation of Labor Code §§201-203;

25  and (b) reasonable attorney's fees and costs;

26        I.      As to all Causes of Action, that the Court award declaratory and injunctive relief as

27  permitted by law or equity including: (a) enjoining Defendants from continuing their unlawful

28

1 | practices alleged herein; and (b) directing Defendants to notify, with Court supervision, all proposed

2 | Class members of the unlawful practices alleged herein;

3 |    J.  That the Court award Plaintiffs, the proposed Class members and the aggrieved

4 | employees whom Plaintiffs seek to represent their costs and expenses, as well as reasonable attorneys'

5 | fees, in prosecuting this action;

6 |    K.  That the Court award Plaintiffs, the proposed Class members and the aggrieved

7 | employees whom Plaintiffs seek to represent pre-judgment and post-judgment interest; and

8 |    L.  That the Court award Plaintiffs, the proposed Class members and the aggrieved

9 | employees whom Plaintiffs seek to represent such further relief as the Court deems just and

10 | appropriate.

11 | **JURY DEMAND**

12 |   WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, demand trial by

13 | jury on all issues so triable as a matter of right.

14 | Dated: February 1, 2019      LAW OFFICES OF DANIEL V. SANTIAGO, P.C.

15 |           By: _____

16 |               Daniel V. Santiago, Esq.

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' CLASS ACTION AND REPRESENTATIVE ACTION
COMPLAINT AGAINST DEFENDANTS**

# GROUP EXHIBIT 1



**STATE OF CALIFORNIA**

## PAGA NOTICE PUBLIC SEARCH - CASE DETAIL

**Case Information**

Case Number: LWDA-CM-661839-19
Plaintiff for PAGA Case: Travis Chapman, John Churchwell
Filer/Attorney for PAGA Case: Daniel Santiago
Law Firm for PAGA Plaintiff: Law Offices of Daniel V. Santiago, P.C.
Employer: FedEx Ground Package System, Inc.
Date Case Received:
Filer for Employer:
Employer Filer Firm:
Court Type:
Court Name:
PAGA Court Case Number:
Violation Type:
Related BOFE Case:

**Attachments**

| Attachment Name | Description | Date Submitted | Type |
|---|---|---|---|
| | | | |

2/1/2019 | Page 1 of 1

Law Offices of Daniel V. Santiago, P.C.
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Phone: (760) 652-9801
Facsimile: (760) 652-9802
E-mail: dvs@dvslawoffices.com

February 1, 2019

**VIA CERTIFIED MAIL**

State of California Labor and Workforce Development Agency
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

C T Corporation System
(Registered Agent of FedEx Ground Package System, Inc.)
818 W. Seventh Street, Suite 930
Los Angeles, California 90017

Re:   *Travis Chapman and John Churchwell, individually, on behalf of all others*
*similarly situated, and as representatives of the State of California on behalf of all*
*aggrieved employees v. FedEx Ground Package System, Inc.,*
*a Delaware corporation d/b/a FedEx Home Delivery*
Superior Court of California, County of Shasta,
Case No. TBD

Dear PAGA Administrator and FedEx Ground Package System, Inc.:

I represent the Plaintiffs, Travis Chapman and John Churchwell, in the above-referenced putative class action and representative action against the Defendant, FedEx Ground Package System, Inc., a Delaware corporation d/b/a FedEx Home Delivery (hereinafter referred to as "FEDEX"), in the Superior Court of California, County of Shasta. Plaintiffs have retained me to prosecute certain wage-and-hour claims against FEDEX in a putative class action pursuant to Section 382 of the California Code of Civil Procedure as well as a representative action under the Private Attorneys General Act ("PAGA"), California Labor Code ("Labor Code") §2698 et seq. **In accordance with Labor Code §2699.3(a)(1), this correspondence provides written notice to the State of California Labor and Workforce Development Agency ("LWDA") and FEDEX of, *inter alia*, the specific provisions of the Labor Code alleged to have been violated in this lawsuit, including the facts and theories to support the alleged violations. Please note that, in accordance with Labor Code §2699.3(a)(1), the information contained in this correspondence has been submitted to the LWDA via online filing with the LWDA.**

1 of 9

I.      **Overview of Claims**

Enclosed are copies of the Civil Case Cover Sheet, Summons, and Plaintiffs' Class Action and Representative Action Complaint that I, on behalf of Plaintiffs, submitted to OneLegal for filing in the Shasta County Superior Court earlier today. Upon receipt of file-stamped copies of these papers, they will be promptly and formally served upon FEDEX's registered agent for service of process to whom this correspondence is also addressed.

Plaintiffs bring this putative class action against FEDEX pursuant to Section 382 of the California Code of Civil Procedure on behalf of themselves and the following persons hereinafter referred to as "the Class": all California residents who were nominally employed by one or more independent service providers ("ISPs") with whom FEDEX contracted and worked at or from FEDEX's terminal in Redding, California, as drivers delivering FedEx packages at any time within the time period of four (4) years preceding the filing of Plaintiffs' Class Action and Representative Action Complaint up to and through the time of trial for this matter (hereinafter referred to as "the liability period"). Plaintiffs' representative PAGA action is on behalf of all aggrieved employees defined as follows: all Class members who worked at or from FEDEX's terminal in Redding, California, as drivers delivering FedEx packages at any time within the time period of one (1) year preceding the filing of Plaintiff's Class Action and Representative Action Complaint up to and through the time of trial for this matter (hereinafter referred to as "the liability period").

Plaintiffs allege that FEDEX was a joint employer of Plaintiffs and the Class members throughout their nominal employment by FEDEX's ISPs for a number of reasons including, *inter alia*: (a) FEDEX, directly or indirectly through its ISPs, exercised control over the wages, hours and/or working conditions of Plaintiffs and the Class members; (b) FEDEX, directly or indirectly through its ISPs, controlled the hiring, firing and day-to-day supervision of Plaintiffs and the Class members; (c) FEDEX effectively permitted Plaintiffs and the Class members to work; (d) FEDEX had knowledge of and failed to prevent the work performed by Plaintiffs and the Class members; (e) FEDEX had the power to cause Plaintiffs and the Class members to work, as well as the power to prevent them from working; and (f) FEDEX effectively engaged Plaintiffs and the Class members to work. *See, e.g., Martinez v. Combs*, 49 Cal. 4th 35 (2010) and *Futrell v. Payday California, Inc.*, 190 Cal. App. 4th 1419 (2010). Accordingly, FEDEX, as a joint employer of Plaintiffs and the Class members, is, and at all times relevant to this action was, responsible for compliance with California's wage and hour laws with regard to Plaintiffs' and the Class members' employment.

Plaintiffs further allege that their putative class action against FEDEX as well as their representative PAGA action against FEDEX arise from the uniform, systematic failures of FEDEX and/or its ISPs, *inter alia*: (a) to pay Plaintiffs and the Class members overtime wages at the applicable overtime rates of pay for all overtime hours worked in excess of 8 hours in one workday and 40 hours in one workweek in violation of Labor Code §§204(a), 510(a) and 1194(a); (b) to furnish Plaintiffs and the Class members with itemized wage statements accurately identifying, *inter alia*, their hours worked, gross wages earned and net wages earned in violation of Labor Code §226(a); and (c) to pay Plaintiff Travis Chapman and the Class members all wages due upon termination of their employment in violation of Labor Code §§201-203.

Plaintiffs, individually and on behalf of all others similarly situated, seek recovery for the following causes of action in their putative class action against FEDEX:

- failure to pay overtime wages in violation of Labor Code §§204(a), 510(a) and 1194(a) (First Cause of Action);
- failure to furnish accurate itemized wage statements in violation of Labor Code §226(a) (Second Cause of Action);
- failure to timely pay all wages due upon termination of employment in violation of Labor Code §§201-203 (Third Cause of Action); and
- violations of California Business & Professions Code §17200 et seq. (Fourth Cause of Action).

Additionally, Plaintiffs, as representatives of the State of California on behalf of all aggrieved employees, seek recovery for the following causes of action in their representative PAGA action against FEDEX:

- PAGA penalties under Labor Code §§2698 et seq. for failure to pay overtime wages (Fifth Cause of Action); and
- PAGA penalties under Labor Code §§2698 et seq. for failure to furnish accurate itemized wage statements (Sixth Cause of Action).

Further, Plaintiff Travis Chapman, as representative of the State of California on behalf of all aggrieved employees, seeks recovery for the following cause of action in his representative PAGA action against FEDEX:

- PAGA penalties under Labor Code §2698 et seq. for failure to timely pay all wages due upon termination of employment (Seventh Cause of Action).

As indicated in the foregoing causes of action for PAGA penalties under Labor Code §2698 et seq., Plaintiffs allege violations of various provisions listed in Labor Code §2699.5 (namely, Labor Code §§201, 202, 203, 226(a), 510(a) and 1194). Notably, the facts and theories to support these alleged violations are set forth in the enclosed Complaint. For ease of reference, many of those facts (which are based upon our investigation to date and alleged upon information and belief) and legal theories are set forth below.

## II.   Background

As a central part of its business, FEDEX contracts with incorporated ISPs to deliver packages to its customers through a standardized agreement (the "Agreement"). Under the Agreement, ISPs obtain a service area, usually a zip code, and are responsible to deliver all FedEx packages within that area. The Agreement establishes a relationship between FEDEX and the ISP that is ongoing and lasting. The substantial commitments FEDEX requires of the ISP are indicative of those that effectively establish longevity of duration and a degree of permanency to the joint venture between the two employers. In turn, the ISPs hire drivers, like Plaintiffs and the Class members, to deliver FedEx packages within the ISPs' service areas.

3 of 9

Plaintiff Travis Chapman was jointly employed by FEDEX and MWA HD 2.4, Inc. (one of the ISPs with which FEDEX contracted) during the approximate time period of 2014 to November 2018 as a driver working out of FEDEX's terminal in Redding, California. During this period, Mr. Chapman exclusively delivered FEDEX packages.   FEDEX and MWA HD 2.4, Inc. terminated his employment in or around November 2018.[1]

Plaintiff John Churchwell is jointly employed by FEDEX and MWA HD 2.4, Inc. (one of the ISPs with which FEDEX contracted). Mr. Churchwell has been a FEDEX driver since 2006. He is still employed as a driver working out of the Redding, California terminal.  During this period, he has worked under four different ISPs exclusively delivering FEDEX packages.

The ISPs are Plaintiffs', and the Class members', direct but nominal employers. FEDEX directs and controls Plaintiffs' and the Class members' work. FEDEX is the only client of the ISPs and is the only source of the ISPs' and drivers' incomes for delivery services.

FEDEX dictates nearly every aspect of Plaintiffs' and the Class members' work directly and indirectly through its Agreement with each ISP.  In this regard, each ISP is little more than an administrator for FEDEX and an independent contractor in name only, dictating to drivers the policies and directives of FEDEX in accord with the Agreement.

Drivers like Plaintiffs and the Class members -- and ISPs in general -- are not required to have any special skills; the delivery of FedEx packages is the only service provided by drivers, and because FEDEX's sole business is to provide delivery services, it cannot operate its business without the drivers. Consequently, the economic and practical realities reflect that the relationship between FEDEX and drivers is that of an employer and employee.

The Agreement requires ISPs to train drivers in accordance with FEDEX safety and operational policies.  This training includes requiring drivers to pass pre-screening checks, background checks, fill out FEDEX applications at FEDEX's website or at one of its local terminals, review FEDEX required training materials, and complete a driving test according to FEDEX guidelines, the results of which must be submitted to FEDEX for approval prior to hire. FEDEX retains ultimate control over driver hiring decisions. And, FEDEX determines the standards under which a driver may remain employed.

The Agreement further requires drivers -- Plaintiffs included -- to wear FEDEX uniforms, drive FEDEX-approved and leased vehicles, carry a FEDEX badge on their persons and groom themselves according to FEDEX's appearance standards.  The Agreement requires the drivers to hold themselves out to the public as FEDEX employees/representatives and not employees of the ISP.  Those who do not satisfy FEDEX's eligibility requirements cannot be hired by an ISP to deliver FedEx packages.

FEDEX dictates to drivers, like Plaintiffs, what packages to deliver, on what days, at what times, and under what policies and procedures. An ISP is responsible for delivering all packages

---

[1] Unlike Plaintiff John Churchwell, Plaintiff Travis Chapman is no longer employed by FEDEX and MWA HD 2.4, Inc.  However, hereinafter and for the sake of clarity, the present tense is used in reference to Plaintiff Chapman's prior employment by FEDEX and MWA HD 2.4, Inc.

scheduled on any given day within its service area regardless of the volume. This obligation is passed down from the ISP to the driver, like Plaintiffs, regardless of how long it will take him to make the deliveries.

Plaintiffs and the Class members are required to arrive at a FEDEX terminal each morning and load their own trucks with all packages scheduled for delivery that day. This process can take anywhere from 2 to 4 hours, and Plaintiffs and the Class members are not compensated for this time.

FEDEX mandates Plaintiff and the Class members to remain at the terminal until all the packages it assigns to them are accounted for, scanned, loaded and their scanners closed out by FEDEX personnel. FEDEX provides a manifest to each driver that consists of all the deliveries scheduled and packages that are on the driver's truck. This manifest coincides with a manifest on the driver's electronic scanner. The scanner cannot be closed out for the day until all packages and delivery stops have been reconciled and uploaded into FEDEX's system.

Plaintiffs and the Class members are required by FEDEX to deliver and pick up each package within a specific window of time negotiated between FEDEX and its customers. After each delivery, drivers, like Plaintiffs, use a FEDEX-owned electronic scanner to send and record data about the delivery to FEDEX.

FEDEX's policies and standards were used to train Plaintiffs and the Class members on how best to perform their jobs safely, to interact with customers and to utilize its scanner technology. Specifically, FEDEX management provides weekly safety meetings that Plaintiffs and the Class members are able to attend.

Drivers operate a vehicle that must be approved by FEDEX, is leased by FEDEX, operates under FEDEX'S DOT number, bears FEDEX logos, numbers, marks, and insignia. FEDEX management routinely inspects the trucks to see whether they are in compliance with DOT regulations and FEDEX standards. FEDEX requires Plaintiffs' and Class members' trucks be maintained in a clean and presentable fashion.

FEDEX managers and employees interacted with Plaintiffs and the Class members throughout the day, dictating to them instructions in respect to packages and customer requests. Plaintiffs and the Class members are trained to direct issues or problems that arose while servicing FEDEX customers to FEDEX management at the terminal. FEDEX undertakes supervisory and oversight obligations for Plaintiffs and the Class members; specifically, FEDEX managers frequently contact Plaintiffs and the Class members to discuss customer complaints and other policy and standard practice issues.

FEDEX keeps employee files for Plaintiffs and the Class members that included contact information, training records, employment information, and a history of complaints they receive, DOT compliance violations, and drug testing results. FEDEX exerts continual oversight over drivers by using technology that keeps record of the status of drivers' licenses, driving infractions, and DOT violations.

The operating agreements allow FEDEX to terminate drivers by economic sanctions imposed on ISPs for drivers' noncompliance with FEDEX policies. Like the ISPs, Plaintiffs and the Class members are economically dependent on FEDEX because FEDEX is the exclusive source of their respective incomes and FEDEX dictates the material aspects of their work.

The services that Plaintiffs and the Class members perform are integral to FEDEX's business.  FEDEX exercises both formal and informal control over Plaintiffs and the Class members.  FEDEX maintains functional control over Plaintiffs' and the Class members' work by mandating their compliance directly through its management personnel and indirectly through its ISPs.

Plaintiffs and the Class members regularly work 5 to 6 days per week.  Although the length of each driver's workday can vary, Plaintiff and the Class members regularly work in excess of 8 hours per workday and 40 hours per workweek driving for FEDEX.  During the "peak season" which begins in early November and concludes in mid-January, Plaintiffs and the Class members regularly work in excess of 12 hours per day, 6 days per week.

## III.    Unpaid Overtime

Plaintiffs and the Unpaid Overtime Subclass members regularly worked in excess of 8 hours per workday and 40 hours per workweek throughout their employment with FEDEX in furtherance of FEDEX's business.  Nonetheless, they are not compensated at the mandated overtime rates of pay for all their overtime hours worked.  Instead of paying required overtime, FEDEX drivers are paid a flat rate.  FEDEX dictates and controls its ISPs' pay policies both directly and indirectly by, for example, keeping margins so thin that ISPs cannot afford to pay overtime to drivers.  Moreover, FEDEX managers exercise control over the termination of Plaintiffs and Class members by requiring its ISPs to terminate drivers for noncompliance with FEDEX policies and procedures or by threatening drivers directly with termination for noncompliance.

No overtime exemption applies to Plaintiffs or the Class members. Pursuant to Labor Code §§204(a)[2], 510(a)[3], §515(d)(2)[4] and 1194(a)[5] and IWC Wage Order No. 9-2001, §3(A), Plaintiffs and the Unpaid Overtime Subclass members are entitled to recover damages for the nonpayment of overtime wages for all overtime hours worked as alleged herein.

## IV.    Itemized Wage Statement Violations

Under Labor Code §226(a), every employer shall, semimonthly or at the time of each payment of wages, furnish each of her or her employees an accurate itemized statement in writing showing, *inter alia*, the total hours worked by the employee, the gross wages earned and the net wages earned. Throughout Plaintiffs' and the aggrieved employees' employment with FEDEX, given that they regularly worked without being paid overtime where appropriate as described herein, the itemized wage statements provided by FEDEX did not accurately reflect, *inter alia*, the gross and net wages earned.

For the foregoing reasons, FEDEX has failed to timely furnish Plaintiffs and the aggrieved employees with accurate, itemized wage statements containing the information required by Labor Code §226(a). Pursuant to Labor Code §226(e), each employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which an itemized wage statement violation occurs and $100 for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.

## V.    Waiting Time Penalties

Under Labor Code §203(a), if an employer willfully fails to pay in accordance with Labor Code §§201 or 202 any wages of an employee who is discharged or who quits, the employee's

---

[2] Labor Code §204(a) provides in part, "[a]ll wages, other than those mentioned in Section 201, 201.3, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

[3] Labor Code §510(a) and IWC Wage Order No. 9-2001, §3(A) provide that an employer must compensate its employee's work in excess of 8 hours in any workday, in excess of 40 hours in any workweek, and for the first 8 hours worked on the seventh consecutive day of work in a workweek, at a rate of no less than 1.5 times the employee's regular rate of pay. Labor Code §510(a) and IWC Wage Order No. 9-2001, §3(A) further provide that an employer must compensate its employee's work in excess of 12 hours in any workday, and in excess of 8 hours worked on the seventh consecutive day of work in a workweek, at a rate of no less than 2 times the employee's regular rate of pay.

[4] Labor Code §515(d)(2) provides that "[p]ayment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary."

[5] Labor Code §1194(a) provides in part that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

wages shall continue as a penalty from the due date thereof at the same rate until paid for a period of up to 30 days from the time they were due. Labor Code §201(a) requires payment of all wages due and owing to the employee on the same date the employer terminates the employee's employment. Labor Code §202(a) requires payment of all wages due and owing to the employee within 3 days of the time the employee quits his employment (unless the employee has given 3 days previous notice of his intention to quit, in which case he is entitled to his wages at the time of quitting).

In this case, FEDEX and MWA HD 2.4, Inc. terminated Plaintiff Travis Chapman's employment in or around November 2018. Additionally, numerous aggrieved employees quit their employment with FEDEX or were terminated within the last year. To date, FEDEX has failed to pay all wages that were – and remain – due and owing to Plaintiff Travis Chapman and those aggrieved employees.

## VI.   PAGA Claims

Plaintiffs, as representatives of the State of California on behalf of themselves and all aggrieved employees, are prepared to bring claims against FEDEX for civil penalties under the PAGA, Labor Code §2698 et seq. including Labor Code §§558(a)[6]. Those PAGA claims are derivative of his claims for FEDEX's failures, *inter alia*: (a) to pay overtime wages at the applicable overtime rates of pay for all overtime hours worked in excess of 8 hours in one workday and 40 hours in one workweek in violation of Labor Code §§204(a), 510(a) and 1194(a); (b) to furnish Plaintiffs and the Class members with itemized wage statements accurately identifying, *inter alia*, their hours worked, gross wages earned and net wages earned in violation of Labor Code §226(a); and (c) to pay all wages due upon termination of their employment in violation of Labor Code §§201-203.

Labor Code §2699.3(a) provides in part:

"(2)(A) The agency [i.e., LWDA] shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

Please be advised that, after receiving notification from the LWDA that it does not intend

---

[6] Labor Code §558(a) provides that any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of Labor Code §§500-558 or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employ

to investigate the alleged violations described in the enclosed Complaint, or after 65 days of the postmark date of giving notice to the LWDA if no response has been received from the LWDA, Plaintiffs will amend the enclosed Complaint (or, if necessary, seek leave to amend such Complaint) to allege exhaustion of the administrative remedies as required by Labor Code §2699, standing and capacity to sue as a representative of the State of California.

Thank you for your prompt attention to this matter. If you have any questions or would like to discuss anything, please do not hesitate to contact me.

LAW OFFICES OF DANIEL V. SANTIAGO, P.C.

By: _____
Daniel V. Santiago, Esq.

DVS:ssm
Enclosures

cc:   Brian D. Gonzales, Esq.
      The Law Offices of Brian D. Gonzales, PLLC
      2580 East Harmony Road, Suite 201
      Fort Collins, CO 80528
      (*pro hac vice* application to be filed)

      Dustin T. Lujan, Esq.
      Lujan Law Office
      1603 Capitol Ave, Suite 310 A559
      Cheyenne, WY 82001
      (*pro hac vice* application to be filed)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Daniel V. Santiago, Esq. (SBN 296532)<br>Law Offices of Daniel V. Santiago, P.C.<br>355 South Grand Avenue, Suite 2450<br>Los Angeles, California 90071 | **FILED** |

TELEPHONE NO.: (76) 652-9801          FAX NO.: (760) 652-9802
ATTORNEY FOR (Name): Plaintiffs, Travis Chapman and John Churchwell

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Shasta
STREET ADDRESS: 1500 Court Street
MAILING ADDRESS: 1600 Court Street, Room 319
CITY AND ZIP CODE: Redding, California 96001
BRANCH NAME: Main Courthouse

**FILED**

FEB 01 2019

CLERK OF THE SUPERIOR COURT
BY: A. SOLLINI, DEPUTY CLERK

CASE NAME:
TRAVIS CHAPMAN ET AL. V. FEDEX GROUND PACKAGE SYSTEM, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **191805** |
| | | | JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): 7 (violations of California Labor Code and Private Attorneys General Act)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 1, 2019
Daniel V. Santiago, Esq.
_____
(TYPE OR PRINT NAME)          ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 1 of 2

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



**BY FAX**

# THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SHASTA

CASE NO.: **191805**

### NOTICE OF 1) ALL PURPOSE ASSIGNMENT, 2) MANDATORY SETTLEMENT CONFERENCE AND 3) TRIAL

## INSTRUCTIONS – READ IMMEDIATELY!

### ORDER OF ASSIGNMENT

This action is assigned to the ☑ Hon. Stephen H. Baker / ☐ Hon. Tamara L. Wood for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

### MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday/Tuesday 9/30/19 at 1:30 p.m. in Department ☐ 3 / ☐ 8, located at 1500 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference. The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

### TRIAL DATE

This matter is set for Trial on Tuesday/Wednesday, 12/31/19 at 8:45 a.m. in Department ☑ 3 / ☐ 8, located at 1500 Court Street, Redding, CA 96001.

### REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 1, 2019

DANIEL E. FLYNN, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON 2/1/19 BY A. Sollini DEPUTY CLERK

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm . If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

#### Potential Advantages and Disadvantages

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

#### Potential Advantages
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

#### Potential Disadvantages
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

#### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute. The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case. Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how

Information Sheet
Shasta County Superior Court
LF-CIV-103 (rev March 28, 2013)

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) INFORMATION PACKAGE**

Page 1 of 2

the case might be resolved, if the primary dispute is the amount of damages, or if there are technical issues that the parties would like a neutral expert to help resolve.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or want an expert in the subject matter of the dispute to make the decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications of any neutral you are considering, and about their fees.

## Shasta County Superior Court ADR Programs

When a civil case is set for trial the judge also will set a settlement conference date approximately six weeks before the trial date. The judge assigned to the case will assist the parties in attempting to arrive at a negotiated resolution.

Shasta County Superior Court does not offer mediation, neutral evaluations, or arbitrations.

**Private ADR Providers** – To find a private ADR program or neutral evaluator, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or the Shasta-Trinity Counties Bar Association may assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts website at http://courts.ca.gov/selfhelp.htm .

Information Sheet
Shasta County Superior Court
LF-CIV-103 (rev March 28, 2013)

ALTERNATIVE DISPUTE RESOLUTION
(ADR) INFORMATION PACKAGE

Page 2 of 2

FILED

MAR 06 2019

CLERK OF THE SUPERIOR COURT
BY: J. BRIGMON, DEPUTY CLERK

1   Brandy T. Cody, State Bar No. 196923
    Email: bcody@fisherphillips.com
2   **FISHER & PHILLIPS, LLP**
    4747 Executive Drive, Suite 1000
3   San Diego, CA 92121
    Telephone: (858) 597-9600
4   Facsimile:  (858) 597-9601

5

6   Alden J. Parker, State Bar No. 196808
    Email: aparker@fisherphillips.com
    William R.H. Mosher, State Bar No. 228253
7   Email: wmosher@fisherphillips.com
    Drew M. Tate, State Bar No. 312219
8   Email: dtate@fisherphillips.com
9   **FISHER & PHILLIPS, LLP**
    621 Capitol Mall, Suite 1400
10  Sacramento, CA 95814
    Telephone (916) 210-0400
11  Facsimile  (916) 210-0401

12
    Attorneys for Defendant
13  FEDEX GROUND PACKAGE SYSTEM, INC.

14                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                      IN AND FOR THE COUNTY OF SHASTA

16

17  TRAVIS CHAPMAN and JOHN              Case No.: 191805
    CHURCHWELL, individually, on behalf of
18  all others similarly situated, and as      *[Assigned for All Purposes to Hon. Stephen*
    representatives of the State of California on   *H. Baker, Department 3]*
19  behalf of all aggrieved employees,

20             Plaintiffs,                   **DEFENDANT FEDEX GROUND**
21                                           **PACKAGE SYSTEM, INC.'S ANSWER**
        v.                                   **TO PLAINTIFFS' COMPLAINT**
22
23  FEDEX GROUND PACKAGE SYSTEM,
    INC., a Delaware corporation d/b/a FedEx
24  Home Delivery, and DOES 1 through 50,
    inclusive,
25
             Defendants.                    Complaint Filed: February 1, 2019
26

27

28

---

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
FPDOCS 35098540.1

BY FAX

1    Defendant FEDEX GROUND PACKAGE SYSTEM, INC. ("Defendant") responds to

2    Plaintiffs TRAVIS CHAPMAN and JOHN CHURCHWELL's ("Plaintiffs") Complaint

3    ("Complaint") as follows:

4                                    **ANSWER**

5        Pursuant to California Code of Civil of Procedure section 431.30, subdivision (d),

6    Defendant generally denies each and every allegation and cause of action in Plaintiffs'

7    unverified Complaint. In addition, Defendant denies that Plaintiffs, any putative class or group

8    of aggrieved employees, the existence of which Defendant denies, have sustained, or will

9    sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act

10   or omission, or any other conduct or absence thereof on the part of Defendant.

11                            **AFFIRMATIVE DEFENSES**

12                          **FIRST AFFIRMATIVE DEFENSE**

13       1.    Plaintiffs' Complaint, and each and every cause of action therein, fails to state

14   facts sufficient to constitute any cause of action against Defendant.

15                        **SECOND AFFIRMATIVE DEFENSE**

16       2.    Plaintiffs' Complaint, and each and every cause of action therein, is barred by

17   the applicable statute of limitations, including but not limited to: California Code of Civil

18   Procedure §§ 335.1, 337, 338(a), 339, 340(a), and 343, California Labor Code § 203, California

19   Business & Professions Code §§ 16750.1 and 17208, and any other applicable state or federal

20   laws.

21                          **THIRD AFFIRMATIVE DEFENSE**

22       3.    Plaintiffs' claims are barred, in whole or in part, because the work they

23   performed falls within one or more of the exemptions provided by the Federal Fair Labor

24   Standards Act, the California Labor Code and the California Industrial Welfare Commission's

25   Wage Orders, including but not limited to IWC Wage Order 4-2001 and 7-2001.

26                         **FOURTH AFFIRMATIVE DEFENSE**

27       4.    The alleged acts of the DOE Defendants of which Plaintiffs complain were all

28   undertaken outside the scope of their agency and/or contractual relationship, if any, with

                                        1

1   Defendant and without the knowledge or consent of Defendant, and Defendant may not be held

2   liable for such acts.

**FIFTH AFFIRMATIVE DEFENSE**

4   5.   Plaintiffs' claims for waiting time penalties pursuant to Labor Code § 203 are

5   barred because Plaintiffs' employer did not willfully withhold wages over which there was no

6   good faith dispute and in fact, acted at all times with the good faith belief that Plaintiffs were

7   compensated as required by law.

**SIXTH AFFIRMATIVE DEFENSE**

9   6.   Defendant is informed and believes, and based on that information and belief

10   alleges, that any finding of liability pursuant to California Business and Professions Code

11   sections 17200, et seq., would violate the Due Process and Equal Protection Clauses of the

12   United States and California Constitutions because the standards of liability under those

13   statutes are unduly vague and subjective.

**SEVENTH AFFIRMATIVE DEFENSE**

15   7.   Defendant was at all times acting in good faith and had reasonable grounds for

16   believing that its actions and/or inactions were lawful.

**EIGHTH AFFIRMATIVE DEFENSE**

18   8.   Plaintiffs' claims are barred because Defendant was not an employer or joint

19   employer of Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

21   9.   Plaintiffs were paid all wages due on a timely basis as required by sections 201

22   and 202 of the Labor Code.

**TENTH AFFIRMATIVE DEFENSE**

24   10.   Plaintiffs were provided with accurate wage statements in compliance with

25   California Industrial Welfare Commissions Wage Orders and the California Labor Code.

**ELEVENTH AFFIRMATIVE DEFENSE**

27   11.   Although Defendant maintains that Plaintiffs cannot establish any claim for

28   restitution or other damages, should Defendant be found liable for any amount of restitution or

2

1  damages, Defendant maintains that such amounts are barred legally, or subject to an equitable

2  offset, due to damages suffered by Defendant which were caused by wrongful conduct of

3  Plaintiffs. *Service Employees Internat. Union, Local 250 v. Colcord* (2008) 160 Cal.App.4th

4  362.

5  ### TWELFTH AFFIRMATIVE DEFENSE

6  12.   Plaintiffs' class allegations are barred as a matter of law because Plaintiffs

7  cannot satisfy the prerequisites for class certification as required by California Code of Civil

8  Procedure § 382 and current legal standards.

9  ### THIRTEENTH AFFIRMATIVE DEFENSE

10  13.   Plaintiffs' class allegations are barred as a matter of law because the named

11  Plaintiffs lack standing, typicality, and adequacy, and thus, cannot represent the interests of the

12  putative class members as to each purported cause of action therein.

13  ### FOURTEENTH AFFIRMATIVE DEFENSE

14  14.   Plaintiffs' claim for penalties pursuant to Labor Code section 226(e) are barred

15  because Plaintiffs have not been injured by any party's alleged failure to comply with Section

16  226(a), or any statute of similar effect.

17  ### FIFTEENTH AFFIRMATIVE DEFENSE

18  15.   Plaintiffs were provided with off-duty meal periods of at least thirty (30) minute

19  duration pursuant to the applicable Industrial Welfare Commission Wage Order and Labor

20  Code section 512.

21  ### SIXTEENTH AFFIRMATIVE DEFENSE

22  16.   Plaintiffs were authorized and permitted to take rest periods pursuant to the

23  applicable Industrial Welfare Commission Wage Order.

24  ### SEVENTEENTH AFFIRMATIVE DEFENSE

25  17.   Plaintiffs' claim for statutory penalties pursuant to California Labor Code

26  section 226 is barred because Plaintiffs' employer at all times acted with the good faith belief

27  that it was in compliance with the requirements of Labor Code section 226.

28  ///

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As a separate and distinct affirmative defense, Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    The claims of Plaintiffs and the putative class members are barred insofar as any of them have contractually released such claims in exchange for consideration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiffs failed to exhaust their internal and administrative remedies, including but not limited to such exhaustion of remedies which is required as a condition precedent to maintenance of this action under the Labor Code section 2699.3, which failure bars his recovery, if any, against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Any penalties available to Plaintiffs under PAGA are subject to equitable reduction pursuant to California Labor Code § 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust, arbitrary and oppressive, and confiscatory.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Plaintiffs' claims, if any, against Defendant under California Labor Code sections 2698-2699, the Private Attorneys General Act of 2004, are barred because Plaintiffs are not "aggrieved employees" as defined by California Labor Code section 2699.

///

///

///

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
FPDOCS 35098540.1

1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2      24.      Plaintiffs' representative action under the Private Attorneys General Act is not

3   manageable because it would require the testimony of each of the persons on whose behalf civil

4   penalties and other relief is sought in order for there to be recovery of penalties and other relief

5   on any such persons' behalf.

6

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

7      25.      Plaintiffs' claims and/or the claims of the putative class members are subject to

8   binding arbitration pursuant to the agreement of the parties.

9

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

10      26.      Permitting this action to proceed as a representative action, as applied to the

11   facts and circumstances of this case, would constitute a denial of Defendant's due process

12   rights, both substantive and procedural, in violation of the Fourteenth Amendment of the

13   United States Constitution and under the Constitution and laws of the State of California.

14

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

15      27.      Certain interests of the putative class are in conflict with the interests of all or

16   certain sub-groups of the members of the alleged class of persons, which the named Plaintiffs

17   purports to represent, the existence of which is expressly denied.

18

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

19      28.      Defendant's actions did not violate a public policy or statute of the State of

20   California.

21

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

22      29.      Plaintiffs, by reason of their knowledge, statements and conduct, are estopped to

23   complain of any act or omission on the part of Defendant, if any there were.

24

**THIRTIETH AFFIRMATIVE DEFENSE**

25      30.      Plaintiffs' Complaint, and each cause of action contained therein, is barred by

26   the doctrine of waiver.

27   ///

28   ///

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
FPDOCS 35098540.1

1

### THIRTY-FIRST AFFIRMATIVE DEFENSE

2

3

31.   Plaintiffs' Complaint, and each cause of action contained therein, is barred by the doctrine of unclean hands.

4

### THIRTY-SECOND AFFIRMATIVE DEFENSE

5

6

7

8

32.   An award of penalties against Defendant under the circumstances of this case would constitute an excessive fine and otherwise be unconstitutional to the extent that the penalty is disproportionate to actual losses suffered by the Plaintiffs, similarly aggrieved individuals, and/or the proposed class.

9

### THIRTY-THIRD AFFIRMATIVE DEFENSE

10

11

12

33.   Any recovery on Plaintiffs' Complaint, or any cause of action contained therein, is barred on the ground that to the extent Plaintiffs did work that was unpaid, such work was unauthorized by Defendant and performed without Defendant's knowledge.

13

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

14

15

34.   Plaintiffs' claim that they were unlawfully denied their right to meal periods is barred to the extent they voluntarily relinquished or waived their right to such meal periods.

16

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

17

18

19

20

35.   The class allegations set forth on behalf of the alleged class, the existence of which is expressly denied, involve matters for which individual questions predominate, and therefore, are not appropriate claims for class treatment pursuant to California Code of Civil Procedure section 382.

21

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

22

23

24

25

36.   The class of persons which the named Plaintiffs purport to represent, the existence of which is expressly denied, is not so numerous that joinder is impracticable, and therefore, fails to meet the prerequisites for class certification as required by Code of Civil Procedure section 382.

26

///

27

///

28

///

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2   37.   The claims alleged by the named Plaintiffs are neither common to nor typical of

3   those, if any, of the alleged class, which the named Plaintiffs purports to represent, the

4   existence of which is expressly denied.

5

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

6   38.   Proposed class counsel is not able to fairly and adequately represent the interests

7   of the putative class.

8

## THIRTY-NINTH AFFIRMATIVE DEFENSE

9   39.   Plaintiffs' request for injunctive relief and/or restitution is barred to the extent

10   that Plaintiffs had an adequate remedy at law including monetary damages, interest, and an

11   award of attorneys' fees and costs.

12

## FORTIETH AFFIRMATIVE DEFENSE

13   40.   Any recovery on Plaintiffs' Complaint, or any cause of action contained therein,

14   is barred in whole or in part by Plaintiffs' failure to mitigate their damages.

15

## FORTY-FIRST AFFIRMATIVE DEFENSE

16   41.   Plaintiffs are not entitled to recover punitive or exemplary damages from

17   Defendants on the grounds that any award of punitive or exemplary damages would violate

18   Defendants' constitutional rights under the Due Process Clauses of the Fifth and Fourteenth

19   Amendments of the United States Constitution.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

7

1

**PRAYER**

2    WHEREFORE, this answering Defendant prays as follows:

3    1.    That Plaintiffs take nothing by their Complaint for damages;

4    2.    That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

5    3.    That Defendant recover its costs of suit herein, including its reasonable

6    attorneys' fees; and

7    4.    That the Court award such other and further relief as it deems appropriate.

8    Date: March 6, 2019                    FISHER & PHILLIPS LLP

9

10                                   By:

11                                      Brandy T. Cody
                                        Alden J. Parker
12                                      William R.H. Mosher
                                        Drew M. Tate

13                                      Attorneys for Defendants
14                                      FEDEX GROUND PACKAGE SYSTEM, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**PROOF OF SERVICE**
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; I am employed with the law offices of Fisher & Phillips LLP and my business address is 621 Capitol Mall, Suite 1400, Sacramento, California, 95814.

On **March 6, 2019,** I served the foregoing document entitled **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Daniel V. Santiago | ***Counsel for Plaintiffs*** |
| LAW OFFICES OF DANIEL V. SANTIAGO, P.C. | T: 760.652.9801 |
| 355 South Grand Avenue, Suite 2450 | E: dvs@dvslawoffices.com |
| Los Angeles, CA 90071 | |
| | |
| Brian D. Gonzales | ***Counsel for Plaintiffs*** |
| THE LAW OFFICES OF BRIAN D. GONZALES, PLLC | T: 970.214.0562 |
| 2580 East Harmony Road, Suite 201 | E: bgonzales@coloradowagelaw.com |
| Fort Collins, CO 80528 | |
| | |
| Dustin T. Lujan | ***Counsel for Plaintiffs*** |
| LUJAN LAW OFFICE | |
| 1603 Capitol Avenue, Suite 310 A559 | T: 970.999.4225 |
| Cheyenne, WY 82001 | E: wyoadvocate@gmail.com |

☒ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).

☐ **[by FAX]** I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

///

FPDOCS 35098540.1

☒    **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 6, 2019**, at Sacramento, California.

Angela L. Eure
Print Name

By: _____
Signature

---

PROOF OF SERVICE

EPDOCS 35098540.1