1  Daniel V. Santiago, State Bar No. 206532
   Email: dvs@ dvslawoffices.com
2  **LAW OFFICES OF DANIEL V. SANTIAGO, P.C.**
   355 South Grand Avenue, Suite 2450
3  Los Angeles, CA 90071
   Telephone: (760) 652-9801
4  Facsimile: (760) 652-9802

5  Attorney for Plaintiffs
   TRAVIS CHAPMAN and JOHN CHURCHWELL

6  *Additional Counsel Listed on Following Page*

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CHAPMAN and JOHN CHURCHWELL, individually, on behalf of all others similarly situated, and as representatives of the State of California on behalf of all aggrieved employees,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation d/b/a FedEx Home Delivery, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:19-cv-00410-TLN-DMC<br><br>[*Previously Shasta Superior Court Case Number 191805; Assigned to the Hon. Stephen H. Baker, Department 3*]<br><br>**JOINT REPORT FROM FRCP 26(f) CONFERENCE; JOINT SCHEDULING STIPULATION; ORDER**<br><br>State Action Filed: February 1, 2019 |

Brandy T. Cody, State Bar No. 196923
Email: bcody@fisherphillips.com
**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, OR 97204
Telephone: (503) 242-4262
Facsimile: (503) 242-4263

Christopher M. Ahearn, State Bar No. 239089
Email: cahearn@fisherphillips.com
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, CA 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Natalie B. Fujikawa, SBN 258724
Email: nfujikawa@fisherphillips.com
**FISHER & PHILLIPS LLP**
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Defendant
FEDEX GROUND PACKAGE SYSTEM, INC.

Plaintiffs Travis Chapman and John Churchwell (collectively "Plaintiffs") and Defendant FedEx Ground Package System, Inc. ("FedEx Ground") ("Defendant") (collectively, "the Parties") hereby submit the following Joint Report from FRCP 26(f) Conference, Joint Scheduling Stipulation, and [Proposed] Order. The Parties expressly reserve the right to amend, modify, and/or supplement the information set forth herein.

## I.  INTRODUCTION

The Parties have reviewed the Court's March 7, 2019 Initial Pretrial Scheduling Order (ECF 002) and its May 21, 2019 Amended Pretrial Scheduling Order (ECF 012), and wish to make certain modifications to the Court's pre-trial schedule. The Parties also hereby report from their FRCP[1] 26(f) conference of counsel, which they held by telephone on April 22, 2019.

## II.  RULE 26(F) REPORT

**1. Nature and Basis of Claims and Defenses**

   A.  Plaintiffs

Plaintiffs bring this putative class action against FedEx Ground on behalf of themselves and the following persons: all California residents who were nominally employed by one or more independent service providers ("ISPs") with whom FedEx Ground contracted and worked at or from FedEx Ground's terminal in Redding, California, as drivers delivering FedEx Ground packages at any time within the time period of four (4) years preceding the filing of this Complaint up to and through the time of trial for this matter. Additionally, Plaintiffs, individually and as representatives of the State of California on behalf of all aggrieved employees, bring this representative action against FedEx Ground and thereby seek to recover the maximum civil penalties permitted by the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code ("Labor Code") §2698 et seq., from FedEx Ground for all civil violations of Labor Code §§201, 202, 203, 226(a), 510(a) and 1194 as well as reasonable attorney's fees and costs.

Plaintiffs allege that FedEx Ground was a joint employer of Plaintiffs and the putative class members throughout their nominal employment by FedEx Ground's ISPs for a number of reasons including, *inter alia*: (a) FedEx Ground, directly or indirectly through its ISPs, exercised control over

---

[1] The term "FRCP", as used herein, refers to the Federal Rules of Civil Procedure.

the wages, hours and/or working conditions of Plaintiffs and the Class members; (b) FedEx Ground, directly or indirectly through its ISPs, controlled the hiring, firing and day-to-day supervision of Plaintiffs and the Class members; (c) FedEx Ground effectively permitted Plaintiffs and the Class members to work; and (d) FedEx Ground had knowledge of and failed to prevent the work performed by Plaintiffs and the Class members. Accordingly, Plaintiffs allege that FedEx Ground, as a joint employer of Plaintiffs and the Class members, is, and at all times relevant to this action was, responsible for compliance with California's wage and hour laws with regard to Plaintiffs' and the putative class members' employment.

Plaintiffs' further allege this putative class action arises from the uniform, systematic failures of FedEx Ground and/or its ISPs, *inter alia*: (a) to pay Plaintiffs and the putative class members overtime wages at the applicable overtime rates of pay for all overtime hours worked in excess of 8 hours in one workday and 40 hours in one workweek in violation of California Labor Code ("Labor Code") §§204(a), 510(a) and 1194(a); (b) to furnish Plaintiffs and the putative class members with itemized wage statements accurately identifying their hours worked, gross wages earned and net wages earned in violation of Labor Code §226(a); and (c) to pay Plaintiffs and the putative class members all wages due upon termination of their employment in violation of Labor Code §§201-203.

B. <u>FedEx Ground</u>

FedEx Ground denies Plaintiffs' allegations except as specifically admitted in its Answer. At all relevant times, FedEx Ground: (1) has operated pursuant to Independent Service Provider Agreements ("ISPA"), pursuant to which Independent Service Providers ("ISP") provide package transportation services and are expected to employ drivers to perform such services; and (2) has had no direct employment or independent contractor relationship with the drivers comprising the putative class alleged by Plaintiffs.

FedEx Ground also intends to make the below-listed assertions in its defense, and to assert the below-listed affirmative defenses, in addition to the matters set forth in its Answer and in any amendments thereto. FedEx Ground reserves the right to supplement and amend this list.

///

a) Neither Plaintiffs nor members of the putative class were, at any relevant time, employees of FedEx Ground;

b) Plaintiffs have not alleged an ascertainable class;

c) Plaintiffs' claims may be not be litigated on a class-wide basis, including because their claims relate to individualized circumstances, especially as pertains to the particular ISPs who employed Plaintiffs and putative class members;

d) Plaintiffs' claims are not manageable on a class or representative basis;

e) Even assuming Cal. Lab. Code § 226(a) applies, any violations of same were not knowing and/or intentional;

f) Even assuming Cal. Lab. Code § 226(a) applies, neither Plaintiffs nor any putative class members suffered any injury as a result of a knowing and intentional failure to comply with Cal. Lab. Code § 226(a);

g) Even if Plaintiffs prove that FedEx Ground was their employer and that of the putative class members, the alleged violations of the Labor Code and other laws did not occur and/or are not actionable;

h) Even if Plaintiffs prove that FedEx Ground was their employer and that of the putative class members, and actionable violations of the Labor Code and other laws occurred as alleged, neither Plaintiffs nor the putative class are entitled to all forms and amounts of relief that Plaintiffs seek;

i) Any violations of Cal. Lab. Code §§ 201-202 were not willful;

j) For purposes of penalties pursuant to Cal. Lab. Code § 203, any failure to pay wages on the "separation" of alleged "employment" was subject to a good faith dispute of fact or law;

k) Plaintiffs have not complied with the notice procedures of PAGA[2] set forth in Cal. Lab. Code § 2699.3;

l) If any PAGA penalties are deemed warranted, the Court should exercise its discretion to decline to issue PAGA penalties pursuant to Cal. Lab. Code § 2699(e)(1);

---

[2] The term "PAGA" as used herein, refers to the California Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698, *et seq.*

m) If any PAGA penalties are deemed warranted, the amount of any PAGA award should be reduced in the Court's discretion pursuant to Cal. Lab. Code § 2699(e)(2);

n) Plaintiffs' claims are preempted by federal law, including but not limited to the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. §§ 14501, *et seq.*, and the Federal Motor Carrier Safety Administration's ("FMCSA") determination of preemption regarding California's meal and rest break laws, pursuant to 49 U.S.C. § 31141(c) (docket No. FMCSA-2018-0304, available at:

https://www.fmcsa.dot.gov/sites/fmcsa.dot.gov/files/docs/regulations/440601/california-meal-and-rest-break-rules-preemption-determination.pdf);

o) Plaintiffs and putative class members are exempt from overtime pursuant to Wage Order 9-2001 of the California Industrial Welfare Commission, 8 Cal. Code Regs. § 11090(3)(L)(1) (exempting from overtime drivers regulated by the hours of service provisions of regulations promulgated by the U.S. Dept. of Transportation); and

p) Plaintiffs and putative class members are exempt from overtime pursuant to Wage Order 9-2001 of the California Industrial Welfare Commission, 8 Cal. Code Regs. § 11090(3)(L)(2) (exempting from overtime drivers regulated by the driver hours provisions of regulations promulgated by California Highway Patrol).

q) Plaintiff Churchwell lacks standing as a class representative, including due to his prior settlement with FedEx Ground for the same claims asserted in this action.

**2. Possibility of Settlement / Prompt Resolution**

The Parties do not believe that prompt resolution is possible. FedEx Ground does not wish to participate in mediation or settlement discussions until such time as the question of class certification is decided.

**3. Discovery Plan**

The Parties have no objections to the discovery schedule set by the Court in its Amended Pretrial Scheduling Order (ECF 012). The Parties address additional discovery issues as set forth below.

///

A. <u>Changes to Timing, Form, or Requirement of FRCP 26(a) Disclosures</u>

The Parties have agreed to provide initial disclosures pursuant to FRCP 26(a)(1) on or before May 31, 2019. The Parties agree that, prior to using documents as deposition exhibits, they will produce such documents (unless previously produced) to the opposing party as supplemental FRCP 26(a)(1) disclosures, at least seven (7) days in advance of such depositions, unless circumstances (such as late discovery or ongoing investigation) warrant later disclosure, in which case such documents shall be produced as soon as practicable prior to the depositions.

The Parties agree that witness statements/declarations obtained by either side from putative class members and others are attorney work product, and need not be disclosed (either in response to discovery or as supplemental FRCP 26(a)(1) disclosures) unless and until filed in Court. However, given the class certification schedule set by the Court, the Parties agree that disclosure of declaration (fact) witnesses in support of or in opposition to any motion for class certification should occur on or prior to December 19, 2019, so as to permit the opposing party reasonable time to schedule depositions of such witnesses prior to the close of class certification discovery on February 20, 2020 and/or to seek relief from the Court if the number and/or nature of the witnesses, or other circumstances, warrant any orders from the Court including an extension of the fact discovery deadline and/or other deadlines.

B. <u>Subjects on Which Discovery Should be Completed, Timing, Phases</u>

The Parties anticipate a discovery dispute regarding the scope of discovery prior to class certification. Defendant contends that discovery should be focused on the particular ISPs pertaining to the named Plaintiffs, whereas Plaintiffs believe that discovery should be permitted as to any ISPs that serviced FedEx Ground's station in Redding, California. The Parties will continue to confer on this issue and will submit any remaining disputes to the U.S. Magistrate Judge for resolution.

C. <u>Electronically Stored Information</u>

The Parties have implemented litigation "holds," including as to electronic information. The Parties agree to produce electronic data in "native" format to the extent practicable, and to meet and confer regarding such alternative formats for particular data items as may foster cost-effective production and analysis, and accuracy.

D.  Privileges / Protection

The Parties anticipate that discovery may require disclosure of confidential information. The Parties will separately and jointly submit a stipulated protective order re confidentiality.

Regarding Rule 502 of the Federal Rules of Evidence, the Parties do not at this time propose any particular agreements or modifications to Rule 502, as contemplated by Rule 502(e). The Parties will continue to meet and confer regarding managing privilege/work product issues and will submit any disputes to the assigned U.S. Magistrate Judge for resolution.

Regarding privilege logs, the Parties have agreed to meet and confer on an ongoing basis as to methods that may avail themselves for the efficient provision of privilege log information so as, on the one hand, to provide the propounding party sufficient information to assess the validity of privilege assertions while, on the other hand, avoid unnecessary burden, unreasonable deadlines, excessive expense, and duplicative, cumulative and laborious work by the responding party.

E.  Limitations on Discovery

FedEx Ground contends that discovery should be limited to matters pertaining to the particular ISPs that employed Plaintiffs. Plaintiffs dispute this. The Parties agree to submit any particular disputes that materialize in this and other regards, to the assigned U.S. Magistrate Judge for resolution.

Otherwise, for now the Parties believe that the discovery procedures and limitations provided by the FRCP should suffice, subject to their right to seek appropriate relief from the Court.

F.  Other Orders Pursuant to FRCP 16(b)-(c), 26(c)

Regarding FRCP 26(c), the Parties will separately submit a proposed protective order re confidential information.

Regarding FRCP 16(b)-(c), the Parties propose the following additions and modifications to the case schedule:

///

///

///

///

| Event | Date |
|---|---|
| Plaintiffs may amend their Complaint, and Defendant may amend its Answer, no motion required. Subsequent amendments, except as permitted by Rule 15 of the Federal Rules of Civil Procedure governing responses to amended pleadings, will require a showing of good cause. | June 21, 2019 |
| Plaintiffs to file Motion for Class Certification | June 12, 2020 |
| Defendant to file Opposition to Plaintiffs' Motion for Class certification | July 10, 2020 |
| Plaintiffs to file Reply in support of Motion for Class Certification | July 24, 2020 |
| Hearing on Motion for Class Certification | August 6, 2020, 2:00 p.m. |

Respectfully submitted,

Dated: June 4, 2019    **LAW OFFICES OF DANIEL V. SANTIAGO, P.C.**


By: /s/ *Daniel V. Santiago (as authorized on June 4, 2019)*
    DANIEL V. SANTIAGO
    Attorneys for Plaintiffs


Dated: June 4, 2019    **FISHER & PHILLIPS LLP**


By: /s/ *Natalie B. Fujikawa*
    BRANDY T. CODY
    CHRISTOPHER M. AHEARN
    NATALIE B. FUJIKAWA
    Attorneys for Defendant FedEx Ground Package System, Inc.

**ORDER**

Pursuant to the above stipulation and good cause appearing, the Amended Pretrial Scheduling Order (ECF No. 12) is hereby further AMENDED to reflect the following dates and deadlines. The Scheduling Order is otherwise unchanged.

| Event | Date |
|---|---|
| Plaintiffs may amend their Complaint, and Defendant may amend its Answer, no motion required. Subsequent amendments, except as permitted by Rule 15 of the Federal Rules of Civil Procedure governing responses to amended pleadings, will require a showing of good cause under Rule 16. | June 21, 2019 |
| Plaintiffs to file Motion for Class Certification | June 12, 2020 |
| Defendant to file Opposition to Plaintiffs' Motion for Class certification | July 10, 2020 |
| Plaintiffs to file Reply in support of Motion for Class Certification | July 24, 2020 |
| Hearing on Motion for Class Certification | August 6, 2020 |

IT IS SO ORDERED.

DATED: June 20, 2019

Troy L. Nunley
United States District Judge