UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS CHAPMAN and JOHN CHURCHWELL, individually, on behalf of all other similarly situated, and as representatives of the State of California on behalf of all aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation d/b/a FedEx Home Delivery, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-00410-TLN-DMC<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant FedEx Ground Package System, Inc.'s ("FedEx" or "Defendant") Motion to Add Contracted Service Providers ("CSPs") as Necessary Parties.  (ECF No. 34.)  Plaintiffs Travis Chapman and John Churchwell (collectively, "Plaintiffs") filed an opposition.  (ECF No. 36.)  Defendant submitted a reply.  (ECF No. 44.)  For the reasons set forth below, the Court hereby DENIES Defendant's Motion to Add Contracted Service Providers as Necessary Parties.  (ECF No. 34.)

///

///

///

1

I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises out of alleged wage and hour violations by Defendant. As a central part of its business, Defendant contracts with CSPs to deliver packages to its customers through a standardized agreement. (ECF No. 1-2 at 10.) Through the standardized agreement, the CSPs obtain a service area and are responsible for delivering all FedEx packages within the service area. (*Id.*) The CSPs hire drivers like the Plaintiffs and the Class members to deliver FedEx packages within the CSPs' service areas. (*Id.* at 11.) Plaintiffs allege the CSPs are Plaintiffs' and the Class members' direct but nominal employers, but Defendant directs and controls Plaintiffs' and the Class members' work. (*Id.*) Plaintiffs further allege Defendant is the only client of the CSPs and is the only sources of the CSPs' and drivers' incomes for delivery services. (*Id.*)

On February 1, 2019, Plaintiffs filed a putative class action against Defendant in Shasta County Superior Court. (ECF No. 1-2 at 6.) The Complaint contains seven claims: (1) Failure to Pay Overtime Wages in violation of California Labor Code §§ 204(a), 510(a) and 1194(a); (2) Failure to Furnish Accurate Itemized Wage Statements in violation of California Labor Code § 226(a); (3) Failure to Timely Pay All Wages Due Upon End of Employment in violation of California Labor Code §§ 201–03; (4) violations of California Business & Professions Code § 17200–17210; (5) Private Attorneys General Act ("PAGA") Penalties under California Labor Code §§ 2698–2699.5 and 558(a) for Failure to Pay Overtime Wages; (6) PAGA Penalties under California Labor Code §§ 2698–2699.5 and 558(a) for Failure to Furnish Accurate Itemized Wage Statements; and (7) PAGA Penalties under California Labor Code §§ 2698–2699.5 for Failure to Timely Pay All Wages Due Upon Termination of Employment. (*Id.* at 21–31.) Defendant filed the instant motion on May 29, 2020 to join the CSPs — MWA HD 2.4, Inc., Goodman Transportation, Inc., and KJFox Inc. — as necessary parties to this action pursuant to Federal Rule of Civil Procedure ("Rule") 19. (ECF No. 34.) Plaintiffs opposed the motion on June 12, 2020. (ECF No. 36.) Defendant replied on June 19, 2020. (ECF No. 44.)

///

---

[1]     The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' Complaint. (ECF No. 1-2.)

1  **II.    STANDARD OF LAW**

2  "A Rule 19 motion poses three successive inquiries." *E.E.O.C. v. Peabody W. Coal Co.*

3  (*Peabody*), 610 F.3d 1070, 1078 (9th Cir. 2010) (internal quotations and citation omitted).

> First, the court must determine whether a nonparty should be joined under Rule 19(a). That nonparty (or "absentee") is now referred to as a "person required to be joined if feasible." If an absentee meets the requirements of Rule 19(a), "the second stage is for the court to determine whether it is feasible to order that the absentee be joined." "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee" or whether the action must be dismissed.

*Id.* (citations omitted). The requirements of Rule 19(a) can be met in two ways. Fed. R. Civ. P. 19(a)(1). The Court will consider an absentee a required party if (A) "in that person's absence, the court cannot accord complete relief among existing parties" or (B) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence" may (i) impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(A)–(B). "Either a negative answer to the first prong or an affirmative answer to the second prong means a party is necessary." *Est. of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1199 (E.D. Cal. 2019).

**III.   ANALYSIS**[2]

Defendant argues under Rule 19(a)(1)(A) that the Court cannot obtain complete relief without joining the CSPs as parties to the case and under Rule 19(a)(1)(B) that the CSPs have an interest in this dispute. (ECF No. 34 at 11–17.) Because joinder under Rule 19(a)(1)(B) requires that "the absent party *claim* a legally protected interest relating to the subject matter of the action" and the CSPs have not "claimed an interest relating to the subject matter of the action," Rule 19(a)(1)(B) does not apply. *See Hansber v. Ulta Beauty Cosmetics, LLC* (*Hansber II*), No. 1:21-cv-00022-AWI-SAB, 2022 WL 2177121, at *4 (E.D. Cal. Jun. 16, 2022) (finding Rule

---

[2] Defendant also files two requests for judicial notice. (ECF Nos. 34-3 & 44-1.) However, because the Court does not use these documents, nor are they necessary to reach its decision in this Order, the Court declines to address these requests.

19(a)(1)(B) does not apply because absent nonparties had not "claimed an interest relating to the subject matter of the action"). The Court will therefore examine whether the CSPs are necessary parties under Rule 19(a)(1)(A) only.

Defendant argues the Court should join the CSPs to this action because they are Plaintiffs' employers. (ECF No. 34 at 11.) Specifically, Defendant notes that CSPs "employ and pay each driver" and each CSP "is responsible for paying its employees in compliance with the applicable state law." (*Id.* at 12.) Defendant also contends the Northern District of California reached the same conclusion in a similar putative class action — *Overpeck* — that the CSPs are necessary parties to this action. (*Id.* at 11, 13 (citing *Overpeck v. FedEx Ground Package System, Inc.* (*Overpeck I*), No. 4:18-cv-07553-PJH, 2020 WL 1557433 (N.D. Cal. Apr. 1, 2010)).) In opposition, Plaintiffs argue Rule 19 is not implicated because Plaintiffs can recover from Defendant what it owes them. (ECF No. 36 at 11–12.) Plaintiffs maintain the *Overpeck I* case is distinguishable from the instant case because Plaintiffs are not attempting to hold Defendant vicariously liable for the CSPs' conduct. (*Id.* at 14.) In reply, Defendant contends *Overpeck I* makes a key distinction between FLSA and Labor Code cases for purposes of Rule 19. (ECF No. 44 at 4 (citing *Overpeck I*, 2020 WL 1557433 at *5).)

A party is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (citing Advisory Committee's Note, 39 F.R.D. 89, 91 (1966)). "In conducting a Rule 19(a)(1)(A) analysis, courts ask whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Overpeck I*, 2020 WL 1557433, at *4 (citations omitted).

After *Overpeck I* was decided, and after the briefing was submitted by the parties in the instant case, the *Overpeck* court found on defendants' dismissal for misjoinder that the CSPs were misjoined. *See Overpeck v. FedEx Corp.* (*Overpeck II*), No. 18-cv-07553-PJH, 2021 WL 497235 (N.D. Cal. Feb. 5, 2021). Using the reasoning from *Overpeck II*, another court within the Eastern

District presented with an identical question as the one presented in the instant case found "complete relief can be accorded" among plaintiffs and defendant without the joinder of the CSPs. *See Hansber II*, 2022 WL 2177121, at *3. In *Hansber*, a class of plaintiffs sued Ulta Beauty ("Ulta") under the Labor Code alleging various wage and hour violations. *See Hansber v. Ulta Beauty Cosmetics, LLC* (*Hansber I*), No. 1:21-cv-00022-AWI-BAK (SAB), 2022 WL 715112, at *4 (E.D. Cal. Mar. 10, 2022).[3] Ulta moved to join two third-party staffing agencies — Exact and Spherion — as necessary parties under Rule 19, arguing the staffing agencies employed the plaintiffs and paid them wages, while Ulta only contracted with the staffing agencies to provide temporary staffing services at its facilities. *Id.* at *4. Ulta relied heavily on *Overpeck I* in its arguments, while the plaintiffs argued their case was distinguishable from *Overpeck I* because they sought to hold Ulta "solely liable as a joint employer for the various Labor Code violations alleged in the complaint" and were not alleging the Labor Code violations occurred because of the staffing agencies' policies or practices. *Id.*

In light of *Overpeck II*, the court concluded "complete relief can be accorded" among the parties because "[l]ike FedEx and the plaintiffs in *Overpeck II*, [d]efendant and [p]laintiffs do not seek relief in the instant action from any [C]SPs[.]" *Id.* The court further noted that "[a]lthough the Labor Code sections and wage orders underpinning [p]laintiffs' claims do not permit joint and several liability among joint employers . . . [p]laintiffs are not suing [d]efendant for Exact and Spherion's conduct; they are instead suing [d]efendant for its own conduct." *Id.* The court finally concluded that if defendant has separate duties as an employer that it breached and plaintiff seeks the full extent of relief as allowed by the Labor Code for these breaches, then "'complete relief can be accorded among the existing parties,' even if it is relatively less than what [p]laintiff could obtain from Exact and Spherion for their separate breaches of duty." *Id.* at *4.

///

---

[3] The *Hansber II* court considered the findings and recommendations ("F&R") of the magistrate judge in *Hansber I* and found that it was not until after the F&R was issued that Plaintiffs presented *Overpeck II*. 2022 WL 2177121, at *3.

Similarly, Plaintiffs in the instant case argue they are not "attempting to hold FedEx vicariously liable for [the CSPs'] conduct." (ECF No. 36 at 10.) Further, Defendants also contend that complete relief is not available without the CSPs "because the California Labor Code does not provide for joint and several liability" but rather "relief can be obtained only from the co-joint employer actually responsible for the violation." (ECF No. 34 at 13.) In light of *Hansber II*, the Court finds that Plaintiffs are correct that Defendant's focus on the term "joint employer" is misplaced because Plaintiffs allege Defendant "was their actual employer and, therefore, is directly and fully liable for their unpaid overtime." (*Id.*) Plaintiffs are further correct that Rule 19(a)(1)(A) is "not about whether Plaintiffs can recover everything they might be owed in some general sense but, instead, concerns only whether Plaintiffs can recover everything they are owed by [Defendant]." (*Id.* at 11–12.) Plaintiffs therefore seek to hold Defendant liable for its own conduct and can recover the full extent of the relief as allowed by the Labor Code for Defendant's breaches, if any, even if it may be less than what Plaintiffs could recover from the CSPs for their separate breaches.

Based on the foregoing, the Court concludes it *can* "accord complete relief among existing parties." *See* Fed. R. Civ. P. 19(a)(1)(A). Accordingly, Defendant's motion is DENIED.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant's Motion to Add Contracted Service Providers as Necessary Parties. (ECF No. 34.) Within fourteen (14) days following notice of the Court's ruling in this Order, the Parties shall submit a further case management statement and proposed case schedule including dates related to class certification and discovery and expert disclosures related thereto.

IT IS SO ORDERED.

**DATED: July 18, 2022**

Troy L. Nunley
United States District Judge